[S. F. No. 4358. In Bank.—July 27, 1905.]

## P. J. GREY, Respondent, v. THOMAS F. BRENNAN, Appellant.

Action to Enforce Constructive Trust—Interlocutory Decree for Accounting—Allowance of Set-Off—Appeal.—An appeal will not lie from an interlocutory decree for an accounting in an action to enforce a constructive trust in money alleged to have been obtained from the plaintiff by fraud and abuse of confidence by the defendant, where no lien appears to be asserted in the pleadings and the interlocutory decree merely allows to the defendant a set-off for services and disbursements for plaintiff's benefit.

Id.—Merits of Appeal—Inspection of Record—Dismissal of Non-Appealable Order — Remittitur — Prevention of Delay. — The rule sometimes applied by this court in its discretion, that the merits of an appeal will not be considered on a motion to dismiss, will not be applied where the motion is made on the ground that

the order appealed from is non-appealable, which appears from an inspection of the order and the pleadings, showing good reason for dismissal thereof and for ordering a *remittitur* forthwith to prevent injurious delay.

MOTION to dismiss appeal from an interlocutory decree of the Superior Court of the City and County of San Francisco. M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

William M. Cannon, for Appellant.

M. C. Hassett, for Respondent.

BEATTY, C. J.—This is a motion by the plaintiff to dismiss an appeal taken by the defendant from an interlocutory decree for an accounting, upon the ground that such decree is not appealable.

It is alleged in the complaint that the defendant, while acting as attendant physician of the plaintiff, by various false representations and by abuse of the confidence reposed in him, induced the plaintiff to place in his hands a large sum of money for the purpose of safe-keeping, and upon a promise that he would deposit the money in plaintiff's name; that in violation of his promise he made the deposit in his own name and afterwards withdrew the money and conceals the disposition he has made of it; that he is without means, etc.

The answer of the defendant denies all the allegations of misrepresentation, and alleges that the plaintiff by an instrument in writing had sold, assigned, transferred, and set over to him said sum of money, whereby he became the owner of the same in his individual right, free and clear of any claim thereon by plaintiff.

Upon these issues the case came to trial, and the evidence on the part of the plaintiff relating to the allegations of fraud was heard. When the plaintiff offered evidence touching the disposition of the money the defendant objected to proceeding with the accounting until his evidence in rebuttal of the allegations of fraud should be first heard, and until it should first be determined whether the plaintiff was entitled to an accounting. The judge of the superior court sustained this objection, and heard the defendant's evidence on the issue of

fraud, which he found against him, and thereupon made and entered the following interlocutory decree:—

"It is ordered that the defendant Thomas F. Brennan holds the money in controversy in this action amounting to the sum of $37,524.13 in trust for the plaintiff, subject to the restoration by the plaintiff to the defendant of the reasonable value of the medical, surgical, and other services rendered by the defendant to the plaintiff since the thirteenth day of September, A. D. 1899, and for all reasonable expenses and disbursements incurred by defendant for and on behalf of the plaintiff from and after the thirteenth day of September, 1899.

"And it is further ordered that from the amount to be restored to the defendant, as aforesaid, there be deducted therefrom any other sums of money which the defendant may have received from the plaintiff from and after the thirteenth day of September, A. D. 1899.

"Ordered further, that an account be taken and testimony heard before this court to determine the amount of said expenses and disbursements, and the reasonable value of said services and the amount of any other moneys so received by the said defendant from the plaintiff and that said defendant account for the same and exhibit and show to this court what disposition he has made of said sum of $37,524.13 and each and every part thereof."

The only basis for that part of the decree subjecting the trust fund to the claim of defendant for medical, surgical, and other services, and for expenses and disbursements, is a finding that medical and surgical services were rendered, and that defendant attended to some business for plaintiff.

The question is whether this decree is appealable. It is not a final decree, and is not appealable unless it is one of those interlocutory orders or decrees which are made appealable by the statute. (Code Civ. Proc., sec. 963.) Appellant contends that it is covered by that provision of the section which authorizes an appeal from an interlocutory order or decree for an accounting in an action to redeem real or personal property from a mortgage or other lien. We do not think the case comes within that provision. Judged by the pleadings, the action is not one to redeem property from a lien. There is nothing in the complaint or answer indicating the

existence of a lien in favor of defendant upon the money in his hands. He has no lien for his professional services or for other services in matters disconnected with the trust, and as an involuntary trustee of money found to have been wrongfully obtained by undue influence and abuse of confidence he can have no right to compensation for his services as trustee, and it is difficult to imagine how he can have made any legitimate disbursements on account of the mere custody of a sum of money intrusted to him for safe-keeping. There is, in short, neither allegation nor finding of the existence of any claim for which defendant has a lien, and the provision in the decree upon which appellant relies shows nothing more than this: that the judge of the superior court thought that it would be equitable to allow the defendant to set off the value of his professional and other services as well as any disbursements he may have made in a legitimate way for the benefit of plaintiff against the $37,524.13 with which he is charged. The decree allows a set-off. It does not establish a lien.

Objection is made to consideration of the motion to dismiss on the ground that it requires an examination of the record, and that it is not the practice of the court to look into the record for the purpose of determining motions to dismiss. This is an objection which the court, in the exercise of its discretion, sometimes makes to the consideration of a motion to dismiss, where a determination of the motion practically involves the merits of the appeal, but where the motion is made upon the ground that an order is not appealable, the order itself and the pleadings—as in this case—are all that ordinarily require to be considered in disposing of the motion. Here we think the motion ought to be considered and promptly decided, for the reason that the pendency of the appeal necessarily delays an accounting which by delay may cease to be a remedy for the wrong complained of.

The appeal is dismissed.

*Remittitur* forthwith.

Angellotti, J., Shaw, J., Van Dyke, J., McFarland, J., and Lorigan, J., concurred.