[Civ. No. 5646.  Second Appellate District, Division One.—October 23, 1928.]

LOS ANGELES AUTO TRACTOR CO. (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Bart F. Wade for Petitioner.

Everett W. Mattoon, County Counsel, Claude H. Mc-Fadden, Deputy County Counsel, and Loewenthal, Lissner, Roth & Gunter for Respondents.

CONREY, P. J.—An alternative writ of mandate was issued herein pursuant to an amended and supplementary petition filed on the eighth day of January, 1928, whereby the petitioner sought to compel the respondent court, in an action pending herein, to enter a final decree quieting petitioner's title to certain described real property. Prior to that time the action had been tried before respondent judge, McLucas. Findings of fact and conclusions of law had been filed, and in accordance therewith, on the eighteenth day of November, 1926, a so-called interlocutory decree had been entered. By that decree it was adjudged that the plaintiff's title to said property be quieted against the claims of de-

fendant Gladiator Manufacturing Company, unless within thirty days after entry of the interlocutory judgment the company paid to a "trustee" appointed and named in the decree, and for the plaintiff, the sum of $15,500 and interest, and certain sums expended by plaintiff for taxes, all found to be due by virtue of a contract for the sale of said real property by the plaintiff to the company's assignors. It was provided that upon payment by the company to the trustee, within said period of thirty days, of said sums of money, plaintiff should execute a deed conveying said real property to said defendant company, and at the same time should deliver a certificate of title made by the Title Insurance and Trust Company, showing clear title in the plaintiff, subject only to certain conditions, restrictions, and tax liens. If within ten days after the deposit of said moneys with the trustee, plaintiff did not comply with said requirements as to deed and certificate of title, then by the terms of the decree the trustee was authorized and empowered to make the conveyance on behalf of the plaintiff, and on behalf of the plaintiff comply with said other duties of the plaintiff. The closing paragraphs of the decree were as follows:

"It is further ordered, adjudged, and decreed that if said Gladiator Manufacturing Company shall not, within thirty days after the entry of this interlocutory decree, pay to said trustee the said sums hereinbefore provided to be paid by it, then and in that event, the title to the plaintiff in and to the aforesaid real property shall be quieted against all claims of the defendants and each of them and said plaintiff shall have and recover possession of the same.

"It is further ordered, adjudged and decreed that the Title Insurance & Trust Company be, and it is hereby, appointed as trustee of said Court with full power and authority to do each and all of the acts hereinbefore provided to be done by said trustee and such other act as from time to time may be required by said Court to be done by said trustee in carrying out and enforcing the provisions of the decree of the Court in the above entitled action.

"It is further ordered, adjudged, and decreed that on or before the expiration of sixty days from the entry of this interlocutory judgment, a final judgment shall be made by

said Court finally determining all the rights of the parties herein.''

Defendant company did not deposit with the trustee the required sums of money within said period of thirty days from and after November 18, 1926, although it made financial arrangements under which it claimed that it would have paid except for a controversy which arose concerning the demands made by the plaintiff. On the fourth day of January, 1927, pursuant to notice, the plaintiff moved for final judgment as provided in the interlocutory decree. Thereupon the court directed plaintiff to deposit with the trustee within one week, the required deed and certificate of title. The plaintiff complied with this order, but the funds were not deposited with the trustee. Again, upon notice the plaintiff, on February 7, 1927, moved the court to enter its decree quieting plaintiff's title. Thereupon, upon repre· sentations made by said defendant that the moneys neces. sary to comply with the interlocutory decree would· be obtained within two weeks, the court made an order extending until February 21, 1927, the time allowed to defendant corporation for payment of the required money.

On February 21, 1927, counsel for the respective parties again appeared before the court, and the matter was continued until February 28, 1927. Thereupon, on February 28th, upon representations made by defendant corporation, the court made the following order: ''Motion for judgment continued to March 14, 1927, to give defendant opportunity to close escrow, and with understanding this will be final continuance and that if defendant does not close escrow by that time, Court will amend findings.'' Further continuances were made as follows: On March 14, 1927, to March 17, 1927; March 17, 1927, to March 28, 1927. On March 28, 1927, said motion of February 7, 1927, was ordered off calendar. Thereafter the matter of said motion was restored to the calendar, and on April 4, 1927, the court denied said motion for entry of decree quieting title.

On April 15, 1927, on motion of defendant corporation, and on the ground that the Title Insurance and Trust Company refused to act as trustee in accordance with the terms of the interlocutory decree, an order was entered amending the interlocutory decree by appointing F. J. Zettler as commissioner to carry out the terms of the decree by receiv-

ing and applying the moneys to be paid by defendant corporation and by executing deed, etc., if plaintiff failed so to do. This amendment followed the form of the original interlocutory decree in its remedial provisions, but in such terms as to extend until May 15, 1927, the time within which the required payment should be made.

On the twenty-first day of April, 1927, plaintiff again moved for final judgment, and the motion was denied. On May 13, 1927, pursuant to stipulation duly filed, the court ordered that "the time for the defendant, Gladiator Manufacturing Company, to comply with the terms of the interlocutory decree in the above entitled action, be, and the same hereby is, hereby extended up to and including May 25th, 1927." Similar stipulations and orders extended the time to July 7, 1927. On the fourteenth day of November, 1927, the plaintiff again moved for final judgment. Thereupon, on "stipulation of said defendant made in open Court that upon condition that the Court continue the motion for two weeks no further continuance would be requested by said defendant," the court continued the motion to November 28, 1927. It was further ordered that unless the money was paid by defendant by 10 o'clock A. M., of November 28, 1927, "the Court will grant the said motion of plaintiff and order judgment in favor of said plaintiff."

On November 28, 1927, said motion came on for hearing and at the same time there was presented a petition wherein it was shown that defendant corporation had assigned its interest in the subject matter of the action to one Everett B. Sawyer. By said petition the commissioner Zettler set forth that said assignee Sawyer had tendered a sum of money to him, and petitioner asked the court for instructions. Thereupon the matter was transferred to another department for further hearing before Hon. Hartley Shaw, a judge of said Superior Court, by whom plaintiff's motion was denied and the commissioner was instructed to accept tender of the money by Sawyer. It was further ordered that commissioner's deed be executed to Sawyer, if upon ten days' notice of payment of the money the plaintiff should fail to execute such deed. Said period of ten days expired on December 9, 1927, but the court prior to that time extended

the time within which deed was to be executed by plaintiff until the ninth day of January, 1928.

Respondents contend that the decree as entered by the court was interlocutory and not final, and that therefore it was subject to amendment by the trial court in the exercise of its discretion.

In *Thompson* v. *White,* 63 Cal. 505, the court referred to the code definition of a judgment as distinguished from an order, and discussed in relation thereto the matter of interlocutory decree in equity. It was held that there was no intention to abolish the power of a court of equity to pronounce what in equity practice was called an interlocutory decree. The subject was further discussed on a later appeal of the same case (*Thompson* v. *White,* 76 Cal. 381 [18 Pac. 399]), and the court directed attention to the fact that under the old equity practice an interlocutory decree may be modified on final hearing, as the law and the evidence shall require. Looking to the terms of the decree as entered in the case at bar, we see in it a complete determination of the facts and of the rights of the parties. This being so, we are inclined to regard it as a final decree. It should be noted, however, that in a recent decision of the Supreme Court upon a very similar case, it was held by Mr. Justice Sloss (Justices Shaw and Richards concurring) that the judgment therein considered was an interlocutory judgment or decree. We refer to *Krotzer* v. *Clark,* 178 Cal. 736 [174 Pac. 657]. That was an action to quiet title, wherein it appeared that the plaintiff owned the land, and had entered into a contract for sale thereof to defendant, and afterward brought an action to set aside the contract. The court entered a so-called interlocutory judgment requiring that the plaintiff tender to defendant a deed and certificate of title, and providing that if the defendant should for twenty days thereafter fail to make the payments provided for in the contract, the plaintiffs should be entitled to have his title quieted. Tender was made and refused, whereupon the court entered its final decree quieting title. There were two appeals, one from the interlocutory judgment, and the other from an order denying defendant's motion for a new trial. Referring to the former, the Supreme Court said: "There is, in the record, a notice of appeal from the inter-

locutory judgment, but it is not effectual for any purpose. The Code·authorizes appeals from interlocutory judgments in certain cases only. (Code Civ. Proc., sec. 963.) This is not one of such cases, and the court is, therefore, without jurisdiction of the attempted appeal. (*Illinois Trust & Sav. Bank* v. *Alvord*, 99 Cal. 407 [33 Pac. 1132]; *Grey* v. *Brennan*, 147 Cal. 355 [81 Pac. 1014]; *Title Ins. & Trust Co.* v. *California Development Co.*, 159 Cal. 484 [114 Pac. 838].) The defendant did not appeal from the final judgment." Conversely, in *Sugarman etc. Co.* v. *Miller & Lux, Inc.*, 205 Cal. 144 [269 Pac. 1113], the appeal was from the final, and not from the interlocutory judgment, and was considered as an appeal properly taken.

It is possible, however, for a decree in equity to be a final determination of the rights of the parties and of the specific relief to be granted, and yet the decree might contain a reservation of a right of supervision by the court over the administration of the remedy. This appears to have been attempted by the court in the decree now under consideration. The decree, after providing a period of thirty days within which defendant company should pay the stated sums of money and further providing for conveyance to be made on behalf of the plaintiff if the plaintiff itself did not comply with the requirements as to deed and certificate of title, ordered that on or before the expiration of sixty days from the entry of this interlocutory judgment, a final judgment shall be made by the court "finally determining all the rights of the parties herein." From the language thus used, it seems clear that the court did not intend that the "interlocutory" judgment should of itself operate to complete the record of the action, but that the court intended that the ultimate remedy, as between two stated alternative conditions, should depend upon the actions of the respective parties in relation to the execution of the decree, and that in accordance with those subsequent transactions a final judgment should be granted. The terms of the final judgment, therefore, would depend upon proof of the facts of such subsequent transactions.

"There are some decrees which though final in their nature, dismissing the bill or granting relief, nevertheless require some further order or decree for the execution of

the original decree or for complete adjustment of all matters incidental to the litigation. These may be termed supplemental decrees.'' (Whitehouse's Equity Practice, sec. 402.) ''A decree made without any reservation of further directions constitutes a final decree, and, after it has been pronounced, the cause is at an end, and no further hearing can be had. When further directions are reserved by a decree or order, it becomes necessary to set the cause down for hearing for such further directions.'' (Fletcher's Equity Pleading and Practice, sec. 740.) ▇ The power of a chancery court to supervise the execution of its orders, and even to modify them in ways affecting only the details of their performance, has long been recognized. ''There are some cases of decrees which, although they are final in their nature, require the confirmation of a further order of the court, before they can be acted upon. In cases of decrees of foreclosure, the court will, upon application, enlarge the time for payment of the money, even though the final order has been enrolled.'' (Daniel's Chancery Practice, 6th Am. ed., pp. 991–993.) We find nothing in our statutes or decisions which can be said to have been intended to limit the power of the Superior Court in a suit in equity to grant relief properly adjusted to the equitable rights of the parties as determined by the court, and to control the parties in all matters connected with their required obedience to the orders embodied in the decree. ▇ It is true that, as stated in *Doudell* v. *Shoo,* 159 Cal. 448, 454 [114 Pac. 579], our system of procedure contemplates that there shall be but one final judgment in a cause, and that in the absence of a clear showing it is not to be presumed that the court would attempt to dispose of a case piecemeal by successive final judgments, each covering a part of the matters in controversy. ▇ In the case at bar the court did not attempt to leave undetermined either the rights of the parties or the remedies to which they are entitled. The reservation made by the court and the orders which it made from time to time enlarging the limits of time within which payment might be made by defendant company, were, as we think, within the scope of the court's authority to supervise the execution of its orders, so that the remedies provided for might be directed in their operation, with due regard

to the rights of the parties as determined and declared by the court in its decree. The stipulations made from time to time, signed by counsel for the respective parties, to which we have referred, indicate that negotiations were pending and that the several granted extensions of time were, in some instances, allowed by actual consent.

In view of all these facts we think that the record does not show that the court has exceeded its jurisdiction or abused its discretion in the orders thus far made. ▉ Where a trial court is vested with discretion in the exercise of its judicial power, the exercise of such discretion will not be controlled by mandate except in case of palpable abuse. (*Realty etc. Co.* v. *Superior Court,* 165 Cal. 543 [132 Pac. 1048].)

The alternative writ is discharged and the petition for peremptory writ is denied.

Houser, J., and York, J., concurred.