[Civ. No. 6706. Third Dist. Jan. 22, 1942.]

CALIFORNIA GIBSON, as County Treasurer, etc., et al., Plaintiffs, v. RIVER FARMS COMPANY OF CALIFORNIA (a Corporation), Appellant; MARY E. MORRIS, Intervener and Respondent.

A. I. Diepenbrock for Appellant.

Clark, Nichols & Eltse and Clark, Nichols & Norton for Intervener and Respondent.

THOMPSON, Acting P. J.—The defendant, River Farms Company, has appealed from a final judgment quieting title in plaintiff to land in Reclamation District 108, contrary to, and regardless of, a provision in the interlocutory decree in effect quieting title thereto in defendant, subject to the payment of all delinquent assessments, taxes, interest and penal-

ties which were charged against the land or any redeemed portion thereof, within a specified time. The proceeds derived from crops raised on the land in 1938 were awarded to the defendant for the purpose of redeeming any portion of the land. The interlocutory decree specifically reserved jurisdiction to modify its terms at any time prior to the entry of a final judgment. An appeal from that interlocutory decree was perfected. The judgment was affirmed by this court October 29, 1938. (*Gibson* v. *River Farms Co.*, 28 Cal. App. (2d) 757 [83 Pac. (2d) 966].) On account of that appeal, the time for payment by the defendant of delinquent assessments, taxes, interest and penalties was extended from time to time until September 11, 1939. On April 26, 1939, the defendant gave written notice exercising its option to redeem Tract 17A, and to apply thereon the proceeds of sales of crops in the possession of the referee, which on September 11, 1939, exceeded the amount necessary for that purpose, entitling the defendant to a final decree quieting title to said tract in its favor. On motion of the respondent and intervener Morris, a judge of the court in which the action was pending, other than the chancellor who tried the case, rendered a final decree quieting title to all of the land, including Tract 17A, in plaintiff, regardless of the previous extensions of time and in spite of defendant's previous election to redeem Tract 17A in accordance with the terms of the interlocutory decree. The theory upon which the final decree was granted is that the previous extensions of time for performance of the conditions specified in the interlocutory decree constituted an unlawful attempt to materially change substantial terms of a decree over which the chancellor had lost jurisdiction, and that such orders were therefore ineffectual and void. From the last-mentioned final decree the defendant has appealed.

The problem to be determined on this appeal is whether a court of equity has authority to reserve in its interlocutory decree quieting title to real property the right to subsequently extend the time allowed therein for a party to perfect its title by conforming to a specified condition incorporated in the final decree, by the payment of ascertained delinquent assessments, taxes, interest and penalties attached thereto.

The defendant, River Farms Company of California, a corporation, owned 29 tracts of agricultural land in Reclamation District Number 108, consisting of 13,000 acres, subject to a bonded indebtedness of that district. The plaintiff, California

Gibson, was a trustee of Reclamation District Number 108. The defendant failed to pay reclamation assessments which were levied against the land in 1931. For failure to pay these assessments the land was sold and conveyed to plaintiff December 29, 1932, pursuant to the provisions of the statute. The district retained possession of the land until 1937. On account of delinquent county taxes, the land was subsequently sold and conveyed to the State of California, July 2, 1937. Thereafter the land was leased by the State of California to the defendant, which reentered, took possession thereof in the fall of the last-mentioned year and farmed the entire tract in 1938. The Trustees of the Reclamation District brought suit against the defendant in 1936, to quiet title. The defendant answered that complaint, setting up the invalidity of the assessments under which the purported sales of property were made to the district. The defendant also affirmatively asked that title thereto be quieted in it. Judge Jones of Lake County, who tried that suit, adopted findings favorable to the defendant, holding that the proceedings preliminary to the sale, including the reclamation assessments, were void and that the sales were invalid. In the exercise of its equitable authority, the chancellor rendered an interlocutory decree vesting title to the land in plaintiff, ''subject, however, to defeasance'' thereof by defendant's payment of the delinquent assessments, taxes, interest and penalties on or before November 25, 1938. In effect, this constituted a decree quieting title to the several tracts of land in the defendant, conditioned upon its payment of all the assessments and tax obligations existing against the land, before the specified date. The decree then awarded to the defendant ''the net proceeds of the 1938 crop (including pasturage) *grown upon all the parcels of land* described in said Exhibit 'A', which is received by said receiver,'' for the purpose of fulfilling the conditions and accomplishing the defeasance. The decree authorized the defendant to redeem or perfect its title to all or to any one of said 29 tracts of land, and to apply the proceeds from the sales of crops produced in 1938 on the entire property, to the redemption of any one selected tract, if so desired. A receiver was appointed. The above-mentioned proceeds of sales were paid to and retained by the receiver. Jurisdiction to modify the decree in any authorized manner was reserved by the following language: ''This court retains continuing jurisdiction

of this suit and of the interlocutory decree entered herein until the entry of final judgment herein.''

Upon motion, and on due notice of hearings thereof, the trial judge made five successive orders extending the time within which the defendant was authorized to pay said assessments, taxes, interest and penalties and to reclaim the property, the last one of which designated September 11, 1939, as the final date therefor. On that date the total amount of delinquent assessments, taxes, costs and penalties necessary to redeem or perfect title in the defendant to Tract 17A of the land in question was $63,886.93. It appears there was then net cash in the hands of the receiver, belonging to the defendant for the purpose of clearing its title to the whole or to any one tract of said land, the aggregate sum of $66,253.65 which included the sum of $6,157.51, earned in connection with said lands as federal soil conservation benefits, which had then been paid to the receiver.

April 26, 1939, the defendant served upon the trustees of the reclamation district and upon the receiver a written notice exercising its right to claim and to redeem Tract 17A by payment of all designated charges against it, by application of its funds in the hands of the receiver. This notice of election to redeem Tract 17A was served upon all interested parties and the necessary proceeds were demanded six and a half months before the expiration of the time fixed therefor by the last order of the court. Prior to the expiration of the time for redemption, the referee's account was filed for settlement, showing there was a sum of money in his hands on September 11, 1939, available for the foregoing purpose which, added to the soil conservation benefits fund, which was subsequently paid, amounted to $66,926.77. That account was first disallowed because the referee neglected to take into account the proceeds of sales of crops produced from Tract 17A in the year 1939. The account was, however, settled subsequent to September 11, 1939, which was the final date set for completing title to defendant's Tract 17A, by payment of the assessments and taxes imposed thereon. However, the defendant had previously elected to do so. March 20, 1940, in spite of the formal extensions of time, and, regardless of the written notice of election to redeem Tract 17A of the land, the respondent and intervener Morris presented to the judge of the superior court in which the action was pending, other than the chancellor who tried the case, an application for final decree,

which was granted, quieting title in plaintiff to all of the land, including Tract 17A. The theory upon which this final decree was granted was that the several extensions of time to perfect defendant's title to all or any portion of the land in question constituted an unlawful attempt to change substantial terms of an interlocutory decree, over which the court had lost jurisdiction.

We are of the opinion the extensions of time for the defendant to perfect its title to land involved in that suit were lawfully authorized as a just prerogative of a court of equity. These orders did not have the effect of changing substantial terms of the interlocutory decree. They merely extended the time for enabling the defendant to follow the procedure prescribed by the decree to secure the title and to apply funds belonging to defendant in satisfaction of delinquent assessments and taxes so as to redeem the land and to save it from forfeiture. The extensions were in the interest of equity which abhors forfeitures. In the former appeal from the interlocutory decree it was definitely determined that the sales of the land for delinquent assessments and taxes, upon which the plaintiff relies for title, were void. In spite of that fact, title was quieted in plaintiff, with the privilege of defendant's redeeming or defeating that tentative title by paying in full all delinquent assessments, taxes, interest and penalties against the whole or any selected portion thereof on or before the designated date. It was certainly just and equitable for the court to award to the defendant the net proceeds of sales of the crops which were produced from the lands by defendant's efforts and at its expense in the year 1938. It was also equitable that, since the redemption of the property was necessarily suspended for nearly a year before the first appeal was finally determined, and since the proceeds of the sales of crops in 1938 were held by the referee in the custody of the court, and not finally settled until the latter part of 1939, the court should extend the time for the exercising of defendant's option to redeem the property, or any portion thereof, so as to prevent forfeiture of title thereto. The defendant was thereby enabled to save one small tract of land. The plaintiff, nevertheless, secured title to the remaining portion of the entire property, consisting of 13,000 acres, in spite of the fact that the former appeal determined that the conveyances to plaintiff were void on

account of irregularities which occurred in the foreclosure proceedings.

It is true that the material determinations of an interlocutory decree may constitute a final judgment with respect thereto, which may not ordinarily be modified or changed. But there is a clear distinction between material adjudicated portions of a judgment or decree, and mere procedural matters incident to the determined issues, which are incorporated as the proposed means of fulfilling the judgment, such as the granting of a limited period of time within which payments of alimony, delinquent taxes or deferred purchase money may be made. It has been held in California that when a decree or judgment reserves jurisdiction, as it did in the interlocutory decree which is involved on this appeal, to change or modify mere procedural provisions, as distinguished from material adjudications of substantial issues, it is not an abuse of discretion for the chancellor to extend the time limit, in accord with equity, to enable a party thereto to fulfill the specified terms of the judgment or decree. (*Leslie* v. *Federal Finance Co., Inc.*, 14 Cal. (2d) 73, 81 [92 Pac. (2d) 906]; *Los Angeles A. T. Co.* v. *Superior Court,* 94 Cal. App. 433 [271 Pac. 363]; *Tyler* v. *Shea,* 4 N. D. 377 [61 N. W. 468, 50 Am. St. Rep. 660]; 15 R. C. L. 678, sec. 129; 34 C. J. 232, secs. 451, 452.)

In the Los Angeles A. T. Company case, first cited, a court of equity rendered an interlocutory decree determining that plaintiff's title to certain land would be quieted "unless within thirty days after entry of the interlocutory judgment the company paid to a 'trustee' appointed and named in the decree, and for the plaintiff, the sum of $15,500 and interest, and certain sums expended by plaintiff for taxes," in which case the defendant would be relieved from the forfeiture, and title would thereupon be quieted in defendant. The money was not paid within that limited time. On application, the time for making the designated payment was extended five successive times. It was held these orders did not constitute a material change in substantial adjudicated portions of the judgment. On the contrary, it was held those extensions of time merely applied to procedural matters intended to accomplish the enforcement of the judgment, and that the orders constituted a valid exercise of jurisdiction retained by the court. That case appears to be determinative of the issue on appeal in the present action.

The Leslie case, *supra*, approves the principle determined in the last-mentioned case by special reference thereto. Quoting with approval from that case, the court says at page 81 of the Leslie opinion:

"Under the authorities cited, the superior court had the right to relieve against the forfeiture of this sum. . . . No payment was made within the time limited and plaintiff moved for final judgment. The motion was denied on a showing that defendant would be able to comply within a short time. Thereafter the court granted numerous extensions of time. . . .

" 'The power of a chancery court to supervise the execution of its orders, and even to modify them in ways affecting only the details of their performance, has long been recognized. There are some cases of decrees which, although they are final in their nature, require the confirmation of a further order of the court before they can be acted upon. In cases of decrees of foreclosure, the court will, upon application, enlarge the time for payment of the money, even though the final order has been enrolled.' (Daniell's Chancery Practice, 6th Am. Ed. pp. 991-993.) We find nothing in our statute or decisions which can be said to have been intended to limit the power of the Superior Court in a suit in equity to grant relief properly adjusted to the equitable rights of the parties as determined by the court, and to control the parties in all matters connected with their required obedience to the orders embodied in the decree."

In support of the text found in 34 C. J., page 235, sec. 452, that "Directions [in a decree] with respect to carrying a judgment into effect, but which do not change or modify the judgment with respect to matters put in issue and determined by the judgment, may be inserted or modified by amendment," the note under citation 95b, quoting from the Tyler case, *supra*, has this to say regarding the right of the court to extend time for payment of money to perfect title to land:

"The court has power to make an order extending the time within which, by the terms of a judgment for specific performance, a defendant is required to pay purchase money and accept title to land. *Adams* v. *Ash*, 46 Hun. (N. Y.) 105.

"Where a time is prescribed within which money must be paid to entitle a party to the benefit of the judgment, the

court may, even after such time has expired, extend it by a modification of the judgment in furtherance of justice.''

We conclude that the foregoing authorities support the principle that a court of equity has power and jurisdiction to extend the time specified in an interlocutory decree quieting title to land within which payment of delinquent assessments and taxes shall be made. That is exactly what the court did in the present case. Sufficient money belonging to the defendant was in the hands of the receiver, subject to order of the court, with which to fulfill the judgment in that regard, before the defendant exercised its option under the order extending the time therefor, and elected, in writing to redeem Tract 17A of the land in question, entitling it to a final decree quieting title to that particular tract of land. The orders extending time were not subsequently modified or set aside. They remained in full force until after the option was exercised. It follows that the court was not authorized to disregard those orders and to render a final judgment defeating defendant's adjudicated rights, or to quiet title to Tract 17A in plaintiff regardless of equity and the express terms of the interlocutory decree as properly modified.

The judgment is modified and the trial court is directed to quiet title to Tract 17A of the land involved on this appeal in the appellant, River Farms Company of California (a corporation), subject to all assessment calls of assessment number five of Reclamation District No. 108, commencing with that of October 1, 1939. As so modified the judgment is affirmed. The appellant may recover its costs. It is so ordered.

Comstock, J. pro tem., and Tuttle, J., concurred.

A petition for a rehearing was denied February 21, 1942, and intervener Mary E. Morris' petition for a hearing by the Supreme Court was denied March 19, 1942.