[Civ. No. 17242. Second Dist., Div. Three. Aug. 18, 1950.]

LUCILLE STAFFORD, Respondent; RAY HOWARD, as Special Administrator, etc., Plaintiff and Appellant, v. JAMES GROFF et al., Defendants and Appellants.

Overton, Lyman, Plumb, Prince & Vermille for Defendants and Appellants.

Ray Howard in pro. per. and W. W. Comstock for Plaintiff and Appellant and for Respondent.

WOOD (Parker), J.—Lucille Stafford, by a guardian *ad litem,* commenced an action on October 11, 1943, for an accounting and an injunction against appellants, Mr. and Mrs.

J. M. Groff, Elizabeth Groff Dunseth and Roy C. Poor. Mrs. Groff is Mrs. Stafford's sister, and Mrs. Dunseth is Mrs. Groff's daughter. Mrs. Stafford sought to cancel an assignment of oil royalties from herself to Mrs. Groff, to recover alleged "gifts" from her to the Groffs and Mrs. Dunseth, and to recover $210,000 which she had loaned to an investment company in which Mr. Groff was a partner (which company later became defunct). It was alleged in the complaint that Mrs. Stafford was an incompetent person. Later in 1943 she was adjudged an incompetent person, and a bank was appointed guardian of her estate, and Comly Shoemaker was appointed guardian of her person. On December 27, 1944, the superior court approved an agreement between plaintiff, by her guardian *ad litem,* and Ray Howard and W. W. Comstock, attorneys at law, whereby plaintiff employed said attorneys to represent her in said action and agreed to pay them 50 per cent of the recovery plus attorney's fees and expenses in any proceeding to enforce his (their) rights. On April 23, 1946, Ray Howard as "First Party" and Arthur E. White, an attorney at law representing the defendants Groff, Dunseth and Poor as "Second Party," entered into a "Memorandum Agreement" for settlement of said action subject to approval of the court. The guardian *ad litem* and the attorneys Howard and Comstock approved the agreement in writing; and attorneys Newton E. Anderson, Arthur E. White and Montgomery G. Rice, as attorneys for the defendants, approved the agreement. That agreement provided that Mr. Howard should receive a total of $18,000 in full payment for all fees and expenses of himself and associates (including $1,600 for Mr. Shoemaker). On September 27, 1946, an "Interlocutory Order Instructing Guardian ad litem as to Settlement," based upon said memorandum agreement, was filed. Among other things, it was provided in said order that the guardian of Mrs. Stafford's estate should pay $13,400 to Mr. Howard and $1,600 to Comly Shoemaker, the guardian *ad litem* and guardian of Mrs. Stafford's person. Said amounts were for work done and cash spent for the benefit of Mrs. Stafford. On April 26, 1946, under the provisions of the memorandum agreement of settlement, Mr. Howard was paid $3,000. Prior to the proceeding herein, Mr. Howard had received the said $18,000.

On October 27, 1947, a judgment (dated October 24, 1947), based upon a stipulation of the parties, was entered. On January 19, 1948, allegedly pursuant to provisions in that judgment, Ray Howard filed a "Petition for Allowance and

Payment of Fees and Expenses to Ray Howard, Attorney.'' In said petition Mr. Howard sought attorney's fees and expenses for the period from April 23, 1946 (the date of the memorandum agreement) to October 24, 1947 (the date of the final judgment). On February 10, 1948, the matter of the petition came on for hearing. None of the defendants Groff, Dunseth or Poor, or their counsel, was present at the hearing. Evidence was introduced, and the court made an order allowing $10,000 as additional attorney's fees for Mr. Howard and $300 as attorney's fees for Mr. Comstock, the attorney who represented Mr. Howard at the hearing of the petition herein. It was also ordered therein that whenever it shall appear upon motion made in this action that the funds in the hands of the estate guardian amount to $10,000 or less the defendants Groff shall be required to make said payments of $300 per month commencing from a date to be specified by the court, and also to pay to said estate guardian any unpaid balance of said $10,300 and any other reasonably necessary expense of the guardianship. The defendants Groff, Dunseth and Poor appeal from said order.

Said appellants assert, among other things, that the court did not have jurisdiction to entertain the proceeding that resulted in said order. They argue that the judgment of October 24, 1947, was a final adjudication of the rights of the parties; that jurisdiction was not reserved for further proceedings in the action in which said judgment was rendered; that Ray Howard's petition for further fees presented a new and distinct civil action for attorney's fees; that since his petition was a disputed claim against the guardian, a separate civil action should have been commenced.

The judgment of October 24, 1947, provided, among other things, that the bank, as guardian of said estate, should pay $13,400 to Ray Howard and $1,600 to Comly Shoemaker, guardian *ad litem*; that defendants Groff should pay to the guardian of the estate for the support of Mrs. Stafford $300 per month plus any additional amounts necessarily and reasonably expended by said guardian ''but said payments shall not be required to commence until, and shall continue only so long as, the funds belonging to Lucille Stafford, in the hands of said bank amount to $10,000.00 or less''; that the payment of said sums to Mr. Howard and Mr. Shoemaker ''ordered to be made under paragraph (1) hereof, are in full of all of their, and each of their claims under an order made on December 27, 1944, authorizing an agreement between Lucille

Stafford and Ray Howard,'' and all other claims by them or either of them against defendants Groff, Dunseth and Poor and all defendants in an action in the United States District Court in Illinois, and ''shall also be in full for all fees, expenses,'' and other claims of any kind in connection with the prosecution of said actions by Ray Howard, Comly Shoemaker and any of their associates against Lucile Stafford or against her estate either under guardianship or in probate in case of her death. The judgment provided, in paragraph (11) thereof, that: ''This court hereby reserves jurisdiction to make such other and further orders herein as may be necessary in' order to obtain performance of the acts herein ordered and to make its order decreeing that said estate guardian has complied with this judgment upon said estate guardian showing, after notice to the other parties to the within action, that it has complied with the provisions of this judgment but in all other respects the within action is hereby dismissed with prejudice as to all defendants.'' In paragraph (25) of the judgment it was provided in part as follows: ''A substantial part of the consideration for the signing of the stipulation for this judgment by Ray Howard is the permission hereby granted, for him to apply for an allowance and to be paid the amount so allowed, on account of his fees for services and expenses performed or expended after the making of the Memorandum Agreement of April 23, 1946, in the prosecution of the cases herein referred to, in addition to the $18,000 then agreed upon as his total fee as of that date, of which said $13,400 is a part. Such additional allowance is to be based on the reasonable value of services and the amount of his expenses after said April 23, 1946, and/or for services and expenses subsequent to said date under and pursuant to the agreement made under date of December 28, 1944, on behalf of Lucille Stafford by her guardian ad litem, pursuant to the order herein of December 27, 1944, authorizing the same. Mr. Howard's claims include those based on the provision thereof for attorney's fees in enforcing his rights thereunder.

''The other parties to said stipulation have agreed to this provision after the drafting of the foregoing provisions contained in paragraphs 1 to 24, both inclusive, and this provision is therefore inserted as a modification thereof.

''Said application may be made at any time within ninety days from the date hereof and no statute of limitations or other bar of lapse of time shall apply, and may be made either in the matter of the guardianship (or conservatorship) of

the estate of Lucille Stafford as an incompetent or in the matter of the administration of her estate in probate in case of her death including the filing and prosecution of a creditor's claim, and may be made in any court or courts having jurisdiction of such matters, and may be made by Ray Howard or by his representatives in case of his death or incapacity including the manner provided by said agreement of December 28, 1944, with respect thereto." It was also provided in said paragraph (25) as follows: "It is therefore further hereby decreed that no provision of this judgment, nor any finding, conclusion, judgment or order, nor any of the waivers of further fees provided for in said Memorandum Agreement or in said Interlocutory Orders, nor in any document made in pursuance of any of the same, shall be a bar to the making or granting of such application, and no party hereto shall assert any such bar."

By the provisions of the judgment of October 24, 1947, the court reserved jurisdiction to consider and determine such a proceeding as that which resulted in the order appealed from. The court was empowered in this case to reserve such jurisdiction. The judgment was made and given upon stipulation of the parties. In *Los Angeles A. T. Co.* v. *Superior Court*, 94 Cal. App. 433, it was said at page 440 [271 P. 363]: "We find nothing in our statutes or decisions which can be said to have been intended to limit the power of the Superior Court in a suit in equity to grant relief properly adjusted to the equitable rights of the parties as determined by the court, and to control the parties in all matters connected with their required obedience to the orders embodied in the decree." It was also said in that case at page 439: "It is possible, however, for a decree in equity to be a final determination of the rights of the parties and of the specific relief to be granted, and yet the decree might contain a reservation of a right of supervision by the court over the administration of the remedy." (See also, *Leslie* v. *Federal Finance Co., Inc.*, 14 Cal.2d 73, 81 [92 P.2d 906] ; *Hercules Glue Co., Ltd.* v. *Littooy*, 45 Cal.App.2d 42, 45 [113 P.2d 490] ; *Gibson* v. *River Farms Co.*, 49 Cal.App. 2d 278, 284 [121 P.2d 504].) The application herein for such additional allowance was made on January 19, 1948, which was within the 90 days provided in the judgment of October 24, 1947, as the time within which such an application might be made. The court found, among other things (in the proceeding herein upon the petition for additional attorney's fees), that from time to time beginning with the memorandum

agreement Mr. Howard had made conditional waivers of his right to recover the full compensation provided by the contingent fee agreement which was approved by the court on December 27, 1944; that the waivers had always been conditional and the conditions had never been performed; that he was not obstructive or delinquent in the performance of his obligations throughout the period of time involved in said proceeding; that the further prosecution of the actions referred to in the final judgment "was made necessary by the failure of the defendants as parties of the second part in said Memorandum Agreement to comply therewith and their actions contrary to their agreements therein." Those findings were supported by the evidence.

Appellants contend also that, even if the court had jurisdiction to entertain the proceeding, Mr. Howard was not entitled to any additional fees. They refer to the interlocutory order (made by Judge Sheldon upon stipulation on September 27, 1946) which provided that the $18,000 when paid should be in full payment of all claims of Mr. Howard, and they refer to the decision (by Judge Sheldon) on the hearing of Mr. Howard's supplemental complaint (on October 2, 1946) that he was not entitled to any fees not provided for in the interlocutory order, and they argue that by reason of said decision the matter of attorney's fees was res judicata. Mr. Howard appealed from that decision, but he abandoned the appeal when the judgment of October 24, 1947, was made upon stipulation. That judgment superseded the interlocutory order and the judgment upon the supplemental complaint. paragraph (25) of that judgment provided, as above shown, that "no provision of this judgment, nor any finding, conclusion, judgment or order . . . shall be a bar to the making or granting of such application [for further fees], and no party hereto shall assert any such bar." The matter of attorney's fees was not res judicata. Said appellants argue further that Mr. Howard was not entitled to payment of the balance of $18,000 (namely $13,400) until he had performed everything required of him under the memorandum agreement and since he did not so perform until the judgment of October 24, 1947, was made, he was not entitled to further fees. The $18,000 was the amount of the fees and expenses as of the date April 23, 1946. It was a question of fact for the trial court as to whether further services were rendered after that date. After said date Mr. Howard went to Illinois twice and made appearances in court there regarding the claims of

plaintiff, and he appeared in courts in California several times pertaining to those claims and he held many conferences pertaining thereto. The court herein found, as above stated, that "the further prosecution of the actions referred to in said Final Judgment was necessary and was made necessary by failure of the defendants as parties of the second part in said Memorandum Agreement to comply therewith and their actions contrary to their agreements therein." Appellants assert that Mr. Howard in performing those alleged services was acting for his own personal interest and was not acting for the benefit of Mrs. Stafford, and the court failed to find that the services were for her benefit. It is implicit in the findings, regarding the services and the value thereof, that the services were for the benefit of the plaintiff. It is not a function of a reviewing court to weigh the evidence, but its function, with respect to the evidence, is to determine only the legal sufficiency of the evidence to support the findings. Said appellants assert that only $26,000 was recovered as a result of Mr. Howard's services and that the total amount allowed as attorney's fees exceeded the amount recovered by $2,000. According to the computations of the trial judge, as shown by his statements in announcing his decision, the amount recovered was approximately $56,000. The items considered in arriving at that amount were as follows: $5,504.37, the proceeds of a building and loan certificate; $6,000 cash; and the present value of an award of $300 per month payable to Mrs. Stafford during her life—which value was considered to be the cost of a $300 annuity for her, namely $44,445.60. The total of those items is $55,949.97. Under the contingent fee agreement Mr. Howard was to receive one-half of the amount recovered. The trial judge considered that $28,000 was one-half of the total recovery and that since $18,000 had been paid, the balance due was $10,000. Mr. Howard asserts that since the Groffs were required by the judgment of October 24, 1947, to pay "additional amounts reasonably and necessarily expended by the guardian," which amounts would include her attorney's fees, guardian's fees then accrued, funeral bill and expenses of administration, and since those sums would amount to approximately $16,000, the total recovery would be the $56,000 plus the $16,000, or approximately $72,000. The evidence was legally sufficient to support said findings.

Said appellants also contend that the court erred in allowing Mr. Howard $300 as fees for the services of his attorney, Mr. Comstock. They argue that Mr. Howard's peti-

tion was restricted to an application for his fees and expenses during the period from April 23, 1946, to October 24, 1947, and that the services of Mr. Comstock were rendered, of course, after that period, and therefore the court erred in making an allowance for services rendered beyond the period covered by the application. There is a provision in said paragraph (25) of the judgment of October 24, 1947, as follows: "Mr. Howard's claims include those based on the provision thereof [the memorandum agreement] for attorney's fees in enforcing his rights thereunder." It appears that Mr. Howard did apply herein for fees for his attorney in enforcing his rights. The court did not err in making said allowance.

Said appellants also contend that, even if the court had jurisdiction to award attorney's fees, it did not have jurisdiction to "Order the Other Matters" which were included in the order appealed from. Some of the "Other Matters" referred to, as stated by appellants, were "orders setting aside portions of the guardianship assets for the use of the incompetent and for payment of the award made in the order, and otherwise instructing and directing the guardian as to its duties as guardian and with respect to guardianship assets." They argue that such adjudications, in the order appealed from, purport to construe the judgment of October 24, 1947, purport to assume the jurisdiction of the probate court in guardianship matters, and duplicate orders in the judgment of October 24, 1947. It is not necessary to set forth in detail the orders so referred to. As to the matters duplicated in the order appealed from, the appellants are not aggrieved since they are thereby required to do only that which they were already obligated to do under the judgment entered upon their stipulation. As to the other matters referred to, it appears, under the judgment of October 24, 1947, in this adversary civil action, that jurisdiction to make such orders was reserved. It was therein provided that "This court hereby reserves jurisdiction to make such other and further orders herein as may be necessary in order to obtain performance of the acts herein ordered." Furthermore, as to the purported assumption of probate jurisdiction, it appears that the questions involved therein have become moot. The order herein which was directed against or to the bank has subsequently become a final order in the probate court as an instruction to the bank, as guardian, and to the administrator who succeeded to the guardian's duties after Mrs. Stafford's death. (Mrs. Stafford died on March 14, 1948.) Under the

guardianship proceeding the money has been distributed as provided in the order herein, and the guardian and the administrator have been directed by the probate court to proceed against the Groffs and the Ohio Oil Company as ordered by the trial court herein.

The trial judge herein announced his decision in open court on February 16, 1948. Mrs. Stafford died on March 14, 1948, and a formal order *nunc pro tunc* as of February 16, 1948, was entered on March 18, 1948. On said March 18th a representative of Mrs. Stafford's estate had not been appointed, and the trial judge herein, on April 5, 1948, vacated the March 18th order. Ray Howard had been appointed (prior to April 5th) as special administrator of the estate of Mrs. Stafford and on April 5th he was substituted as such administrator as a party in place of Mrs. Stafford. On April 7, 1948, a formal order, which was substantially the same as the order of March 18th, except that it recited the appointment of Ray Howard as special administrator, was also entered *nunc pro tunc* as of February 16, 1948. (Afterward Ray Howard was appointed general administrator, and as such administrator he was substituted as a party on September 21, 1948, in place of himself as special administrator.) The Groffs, Dunseth and Poor, have appealed from the orders of March 18th and April 7th. Since the two orders were to the same effect (except as to the matter of the administrator being a party in place of Mrs. Stafford) the discussion herein is applicable to each order. Since the March 18th order was vacated properly and was superseded by the April 7th order, it appears that the April 7th order is the one primarily involved on this appeal.

By reason of the conclusions hereinabove stated, it is not necessary to determine the other contentions of appellants Groff, Dunseth and Poor. Both orders from which they have appealed should be affirmed.

Ray Howard, as administrator of the estate of Mrs. Stafford, has appealed from the order of April 7, 1948, allowing fees to Ray Howard as attorney for Mrs. Stafford. Mr. Howard, as administrator, petitioned the probate court for instructions regarding the appeal, and he asserts that the appeal is under the direction of the probate court. He states that he appealed as such administrator in order to permit the Groffs to present whatever arguments they might have against the order allowing fees to him. By reason of the conclusions hereinabove stated, it is not necessary to discuss further the points involved

on the appeal by Mr. Howard, as administrator. The order from which he appealed should be affirmed.

The orders of March 18, 1948, and April 7, 1948, are affirmed.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied September 11, 1950, and defendants and appellants' petition for a hearing by the Supreme Court was denied October 16, 1950.