[Civ. No. 22470.   First Dist., Div. One.   Mar. 16, 1966.]

ORBAN LUMBER COMPANY, Plaintiff and Appellant, v. FRED J. FEARRIEN, JR., et al., Defendants and Respondents.

Hahn & Hahn, Loren H. Russell, Mitchell & Henderson and Robert C. Dedekam for Plaintiff and Appellant.

Hill & Hill and Clayton O. Rost for Defendants and Respondents.

MOLINARI, J.—On this appeal by plaintiff corporation from an order denying its motion to modify the judgment so as to provide for an extension of the time during which plaintiff could cut and remove timber from defendants' property it is urged that the trial court had the power to make such modification and that the evidence adduced by plaintiff justified such modification. We have concluded that the trial court's determination that it did not have the power to modify was correct and that accordingly the order appealed from must be affirmed. The factual and procedural background of the case is as follows.

On April 4, 1951 plaintiff and defendants entered into a contract for the sale to and removal by plaintiff of certain types of timber from defendants' property. Under this contract, plaintiff had the right to cut and remove the specified types of timber from defendants' property for a period of 10 years from the date of the contract. As a result of various disputes which arose between the parties concerning the subject contract, defendants on June 3, 1959 obtained a preliminary injunction enjoining plaintiff from cutting or removing timber under 16 inches in diameter from defendants' property. Subsequently the disputes between the parties were litigated and resulted in a judgment on June 13, 1962 which awarded plaintiff the following relief: ordered that the April 4, 1951 contract between the parties be extended and remain in full force and effect for a period of one year and 10 months from 10 days following the date of the judgment; ordered that plaintiff be allowed to cut and remove timber between 10 and 16 inches in diameter from defendants' property during this period and that defendants be enjoined from preventing or interfering with plaintiff's exercise of this right; ordered that defendants execute all documents and applications required by the State of California to enable plaintiff to conduct its logging operations on defendants' property during

this one-year-and-10-month period; and dissolved and terminated the June 3, 1959 injunction under which the court had enjoined plaintiff from cutting or removing timber under 16 inches in diameter from defendants' property. In addition, the judgment contained the following provision upon the meaning and effect of which the instant litigation depends: ''(4) This Court hereby, under its equitable powers, retains continuing jurisdiction of this action and its subject matter in order to provide any additional orders or modifications reasonable and necessary to carry the judgment into effect and to insure compliance with the judgment by each of the parties.''

On April 10, 1964 plaintiff noticed a motion in the trial court requesting the court to modify its judgment by extending the time during which plaintiff had the right to cut and remove timber from defendants' property. In support of its motion plaintiff filed a declaration of Carvel Brown, the vice-president of plaintiff, which declaration set forth the following reasons for plaintiff's inability to exercise its rights within the time authorized by the June 13, 1962 judgment: (1) Plaintiff was delayed until October 4, 1962 pending the execution by defendants of the documents necessary to obtain authorization for the subject logging from the State of California; and (2) certain rights-of-way over land adjoining defendants' property which plaintiff required in order to remove timber from defendants' property had expired during the pendency of the action and plaintiff was unable to reacquire these rights-of-way until April 8, 1964. On April 28, 1964 a hearing on plaintiff's motion was held before the judge who had rendered the original judgment in this action. At this hearing respective counsel presented argument to the court concerning its power to modify the June 13, 1962 judgment in the manner sought by plaintiff, and, in addition, both parties presented evidence in relation to the matters set forth in Brown's declaration. Following the hearing the trial court entered its order denying plaintiff's motion on the basis that ''the judgment as entered permitted supervision but not revision.''

It is urged before us that the trial court had the power to modify its judgment on the basis of the rule that a court which renders an equitable decree may appropriately reserve jurisdiction to take steps to carry it into effect and, to that end, may make changes in procedural provisions of the decree. (See *Los Angeles Auto Tractor Co.* v. *Superior Court,* 94 Cal.App.

433 [271 P. 363]; *Leslie* v. *Federal Finance Co., Inc.,* 14 Cal.
2d 73 [92 P.2d 906]; *Gibson* v. *River Farms Co.,* 49 Cal.
App.2d 278 [121 P.2d 504]; and *Lesser & Son* v. *Seymour,* 35
Cal.2d 494 [218 P.2d 536]; *Stafford* v. *Groff,* 99 Cal.App.2d
67 [221 P.2d 246].) A perusal of the cases which have applied
this rule to varying factual situations discloses that its appli-
cation turns on whether the modification sought involves a
change in mere procedural provisions or whether it entails
a material adjudication of substantial issues. In the former
situation the trial court acts within its authority in modify-
ing the judgment; in the latter, it does not have the power
to modify. Accordingly, it has been held that when a decree
or judgment reserves jurisdiction to change or modify mere
procedural provisions, as distinguished from material adjudi-
cations of substantial issues, it is not an abuse of discretion
for the court to extend the time limit in accord with equity
to enable a party to the action to fulfill the specified terms of
the judgment or decree. (*Gibson* v. *River Farms Co., supra,*
p. 284; *Leslie* v. *Federal Finance Co., Inc., supra,* p. 81; *Los
Angeles Auto Tractor Co.* v. *Superior Court, supra,* p. 440.)
Thus the rule has been applied to the granting of a limited
time within which payments of alimony, delinquent taxes and
deferred purchase money may be made. (See *Gibson* v. *River
Farms Co., supra,* p. 284.)

In *Los Angeles Auto Tractor Co.,* the court rendered an
interlocutory decree quieting title in the plaintiff to certain
real property against the claim of the defendant unless the
latter within 30 days from the entry of the decree paid certain
sums due to the plaintiff under a contract for the sale of the
property by the plaintiff to the defendant's assignors. The
defendant failed to make the required payment within the
30-day period and the plaintiff moved for final judgment. The
trial court denied the motion on a showing that the defendant
would be able to comply within a short time. Thereafter, the
court granted several extensions and permitted continuances
which resulted in a delay of over one year. Finally, plaintiff
sought a writ of mandamus in the District Court of Appeal
to compel the trial court to enter a final decree in its favor.
In denying the writ the appellate court held that the exten-
sions of time granted to the defendant did not constitute a
material change in substantial adjudicated portions of the
judgment but merely concerned procedural matters intended
to accomplish enforcement of the judgment. Similarly, in
*Leslie,* an action to enforce a trust upon real property owned

by the defendant, the decree gave the plaintiffs the right to purchase the property and the equipment thereon within a specified time. The plaintiffs tendered the money eight days after the time required by the decree. In reversing an order quieting title in the defendant, the Supreme Court, citing *Los Angeles Auto Tractor Co.* with approval, held that the trial court erred in that in the exercise of its equitable power it should have compelled the defendant to accept the money tendered it by the plaintiffs and to complete the transaction.

Likewise, in *Gibson,* the appellate court, relying in part on the *Los Angeles Auto Tractor Co.* and *Leslie* cases, held that the trial court had the power to make orders extending the time within which the defendant was authorized to pay delinquent assessments and taxes pursuant to an interlocutory decree quieting title in the defendant to certain real property subject to the payment of said assessments and taxes by it within a specified time. The reviewing court's rationale was that the orders for extensions of time did not have the effect of changing the substantial terms of the decree but merely extended the time for enabling the defendant to follow the procedure prescribed by the decree to secure the title and to apply the defendant's funds in satisfaction of the delinquencies so as to redeem the land and save it from forfeiture. Again, in *Lesser,* the Supreme Court, relying on *Gibson, Leslie* and *Los Angeles Auto Tractor Co.,* held that the trial court, even though it had not expressly reserved jurisdiction to modify the judgment, had the power to change the previously prescribed manner of sale in the sale of partnership assets by a receiver on the basis that the original order of sale as to the manner in which the sale was to be executed was merely procedural.

The *Stafford* case, relied upon by plaintiff, dealt not with the trial court's power to modify a judgment but with its power to reserve jurisdiction to entertain a petition for additional attorney's fees for services rendered subsequent to a judgment ordering the payment of a sum to the guardian's attorney for services performed up to a certain time. There the judgment reserved the right to order additional attorney's fees and the application was made within the time specified in the judgment. The appellate court held that the trial court was empowered to reserve such jurisdiction on the basis that under its equitable powers it had the right to reserve supervision of the remedy and to control obedience to the orders embodied in the decree.

■ Turning to the instant case, in the light of the foregoing principles, we conclude that the trial court correctly determined that it did not have the power to modify its judgment in the manner desired by plaintiff. By its judgment of June 13, 1962 the trial court extended the term of the contract between plaintiff and defendants for a period of one year and 10 months to compensate for the period of time during which plaintiff, by virtue of the preliminary injunction, had been enjoined from conducting its logging operations on defendants' land.[1] Essentially, the trial court judicially modified the contract of the parties by extending the duration of the contract which the parties had therein fixed at 10 years. By extending the expiration date for a period of one year and 10 months beyond April 4, 1961 the court was apparently remedying plaintiff's inability to perform under the contract for that period of time because of the preliminary injunction. It thus appears to have been the trial court's intention that the 10-year life of the contract was not to be shortened because plaintiff was restrained from the performance of its contract pendente lite in view of the court's determination, upon the final hearing on the merits, that the facts required a decision against defendants who had prevailed on the preliminary application. The trial court was, therefore, making a material adjudication of an issue involving the rights of the parties as delineated by the contract which they had entered into. As such, the extension of time provision did not constitute a mere procedural matter incorporated in the judgment as a proposed means of fulfilling it.

While the trial court had the right to reserve the power to modify the judgment as to procedural matters relating to its fulfillment, the modification sought by plaintiff was not a request to extend the time for enabling plaintiff to follow the procedure prescribed by the judgment, but an attempt to materially change a substantial adjudicated portion of the judgment consisting of the determination that the vital provision of the contract, providing for its duration, be extended for the specific period therein provided. To hold that such extension could be further extended upon contingencies not related to procedural matters intended to accomplish the en-

---

[1]Since the judgment has become final we are not concerned on this appeal with the propriety of this adjudication, nor is its correctness challenged by either of the parties. Accordingly, we treat the judgment as a proper and valid one.

forcement of the judgment would be to countenance an act in excess of the trial court's jurisdiction.

Having concluded that the trial court correctly determined that it had no power to modify its judgment by extending the time during which plaintiff could cut and remove timber from defendants' property, we omit any consideration of the second issue raised by plaintiff, namely, whether the evidence before the court justified the granting of plaintiff's request for an extension of time.

The order is affirmed.

Sullivan, P. J., and Sims, J., concurred.