[Civ. No. 11676.   First Dist., Div. Two.—May 27, 1941.]

HERCULES GLUE COMPANY, LTD. (a Corporation), Appellant, v. JOHN F. LITTOOY, Respondent.

Byrne, Lamson & Jordan for Appellant.

Walter H. Linforth, Wm. M. Cannon, Wm. M. Abbott, Cyril Appel, Ivores R. Dains and Herbert Chamberlin for Respondent.

NOURSE, P. J.—In an appeal from an order made after final judgment in an action for specific performance the single question presented is whether, after a decree has become final and has been affirmed on appeal, the trial court

has power and jurisdiction to modify it by adding conditions to those contained in the decree which the plaintiff is required to fulfill before the specific performance theretofore ordered shall become effective.

Plaintiff brought an action in equity for specific performance of a contract with defendant requiring the latter to assign to plaintiff a certain invention made by defendant, known as "Fluxit 4-X", and for which defendant had made application for letters patent of the United States. The defendant filed a cross-complaint seeking compensation for services and other relief. On July 2, 1935, a decree favorable to plaintiff was recorded, which provided: "That within ten days from the signing and filing of this decree the said defendant and cross-complainant, John F. Littooy, execute and deliver to the Clerk of this court for plaintiff and cross-defendant, Hercules Glue Company, Ltd., a good and sufficient assignment, acknowledged before a Notary Public, assigning to plaintiff and cross-defendant the invention known as 'Fluxit 4-X', the application or applications for Letters Patent thereon filed by defendant and cross-complainant, and any and all Letters Patent which may have been issued to defendant and cross-complainant on said invention as a result of any application therefor filed by said defendant and cross-complainant; and within ten days from the signing of this decree said defendant and cross-complainant, John F. Littooy, shall deliver to and furnish to plaintiff and cross-defendant, Hercules Glue Company, Ltd., a written memorandum of said defendant and cross-complainant's costs and expenses incident to, or involved in, filing said application or applications or in securing any such patent, and the assignment of the same to the plaintiff and cross-defendant, relating to said invention covering said formula known as 'Fluxit 4-X', and file a copy thereof with the Clerk of this court; that plaintiff and cross-defendant shall, within five days thereafter, if it be dissatisfied with the correctness of said memorandum, file written objections to said memorandum in this court and deliver and furnish defendant and cross-complainant with a copy thereof; that if plaintiff and cross-defendant does not so object to said memorandum within said five day period, it shall forthwith deposit the money called for by said memorandum with the Clerk of this court for said defendant and cross-complainant and thereupon the Clerk of

this court shall deliver said assignment to plaintiff and cross-defendant; that if objections be so made to said memorandum by plaintiff and cross-defendant, this court shall ascertain and fix the correct amount to be paid by plaintiff and cross-defendant to defendant and cross-complainant on account of said costs and expenses and, upon said amount being so fixed and determined by this court, plaintiff and cross-defendant shall forthwith deposit said sum with the Clerk of this court for defendant and cross-complainant, and thereupon the Clerk of this court shall deliver said assignment to plaintiff and cross-defendant; that if defendant and cross-complainant shall not so furnish said memorandum within said ten day period, he shall forego his right to any such costs and disbursements and the Clerk shall forthwith, after the expiration of said ten day period, deliver said assignment to plaintiff and cross-defendant.''

On August 20, 1935, defendant filed with the clerk of the court a memorandum ''of his costs and expenses incident to, or involved in filing application for letters patent on an invention known as 'Fluxit 4–X' '' amounting to $178.50. On August 23, 1935, the plaintiff deposited the sum of $178.50 with the clerk and, on October 25, 1935, defendant filed with the clerk an assignment of his interest in the invention. The assignment was not delivered to plaintiff and the deposit was not paid to defendant because the latter took an appeal from the decree. In *Hercules Glue Co., Ltd.,* v. *Littooy,* 25 Cal. App. (2d) 182 [76 Pac. (2d) 700], this court affirmed the decree and, after a hearing was denied by the Supreme Court, the *remittitur* was filed in the trial court on April 28, 1938. On May 14, 1938, the defendant filed a notice of motion for an order requiring plaintiff to make an ''ADDITIONAL DEPOSIT FOR PATENT COSTS'' in the sum of $250 incurred by defendant in connection with the securing of the patent pending the appeal from the decree. This motion was granted and the resulting order is the subject of this appeal.

█ The question presented is not a new one. The power and jurisdiction of a court of record to amend a final judgment to correct a clerical error appearing on the face of the record is not disputed, *Estate of Goldberg,* 10 Cal. (2d) 709 [76 Pac. (2d) 508]; 14 Cal. Jur., page 996, though ' want of power and jurisdiction of such a court to alter its

judgment because of errors purely judicial is equally well settled. (*O'Brien* v. *O'Brien*, 124 Cal. 422, 426 [57 Pac. 225]; *Lankton* v. *Superior Court*, 5 Cal. (2d) 694, 696 [55 Pac. (2d) 1170].) ▮ But it is said that a court of equity has inherent power to make its decrees effective, and that, when it has jurisdiction of the parties and of the subject matter, its decree will be complete to terminate the litigation if possible. (10 Cal. Jur., p. 559; 21 Cor. Jur., p. 134.). Some authorities limit the power of additional or supplemental orders to cases in which the power is reserved in the final decree; others take the broader view that a court of chancery has the inherent power "to supervise the execution of its orders, and even to modify them in ways affecting only the details of their performance." (*Los Angeles A. T. Co.* v. *Superior Court*, 94 Cal. App. 433, 440 [271 Pac. 363].)

The supplemental order directing payment of the additional expenses incurred by the respondent pending his appeal from the decree would seem to be an incident "affecting only the details" of the performance of the decree. It is true that no reservation was made in the decree to adjust future expenses incurred by the respondent and that the incurring of these expenses was of his own doing, but the plain purport of the decree was that appellant should have specific performance of the contract giving it a clear title to the patent on the condition that respondent should be reimbursed for the expenses incurred by him in protecting the patent rights. The dispute between the parties was over their respective claims to the patent. This dispute was determined in favor of the appellant, but the court, sitting in equity, deemed it fair that appellant should reimburse the respondent for what he had put out for appellant's benefit. In this exercise of its discretion the chancellor proceeded under the authority of *Los Angeles A. T. Co.* v. *Superior Court, supra,* and we find no error in the order appealed from except that there was before the court at the time the motion for an additional deposit was heard the cost bill of plaintiff for costs incurred upon the former appeal amounting to $79.09, which should have been deducted from the award made to the defendant. This bill was allowed plaintiff in the minute order, but seems to have been inadvertently omitted from the order appealed from.

The order is modified by reducing the amount to be deposited from $250 to $170.91 and as so modified is affirmed. Each party will stand its own costs on this appeal.

Sturtevant, J., and Spence, J., concurred.