[Civ. No. 26481. Fourth Dist., Div. One. Oct. 4, 1983.]

ROBERT H. BARNES et al., Plaintiffs and Respondents, v.
TRINIDAD CHAMBERLAIN, Defendant and Appellant.

**COUNSEL**

Daniel L. O. Gallardo for Defendant and Appellant.

Jon F. McKinley for Plaintiffs and Respondents.

**OPINION**

**STANIFORTH, J.**—This is the second appeal by Trinidad Chamberlain from a judgment compelling her to specifically perform her written contract to sell her house in Spring Valley to Robert H. and Lynda D. Barnes (Barnes). In our earlier unpublished decision (4 Civ. 22778)[1] this court

---

[1]Chamberlain asked us to incorporate by reference the findings of fact and conclusions of law set forth in the decision of this court and this we do.

concluded the sales contract should be performed and we affirmed the superior court judgment, providing: "5. Plaintiffs (/Respondents, ROBERT H. BARNES and LYNDA D. BARNES) are entitled to conveyance of the subject contract . . . on the condition that within ninety (90) days of the entry of judgment herein they cause to be delivered to Defendant (/Appellant TRINIDAD CHAMBERLAIN) through escrow the sum of $27,500 . . . .

"6. In the event Plaintiffs fail to perform the condition of specific performances as set forth in Paragraph 5 above within such ninety-day (90) period . . . , Plaintiffs are in lieu of specific performance entitled to judgment in the sum of $5,625.13 . . . ."

The order further provides: "3. That such judgment for specific performance be conditioned upon delivery to Defendant TRINIDAD CHAMBERLAIN, through escrow, within ninety (90) days hereof, the sum of $27,500 . . . .

"4. That in the event Plaintiffs fail to perform the condition set forth in Paragraph 3 above within such ninety-day (90) period . . . , Plaintiffs recover judgment in the sum of $5,625.13 in place of and instead of judgment for specific performance." Pending the first appeal, Barnes took no action to fulfill the terms specified in the judgment. Following our affirmance of the lower court decision (remittitur issued Sept. 12, 1981), Barnes sought to obtain the cooperation of Chamberlain in closing escrow but were unable to do so. On October 5, 1981, Barnes, by motion, sought to amend and supplement the judgment. At this hearing, and for the first time, Chamberlain contended Code of Civil Procedure section 917.4[2] applied and therefore Barnes' 90 days for performance of conditions set forth in the decree had expired some 16 months past.

The trial court held clerical error had been committed; *the April 8, 1980, judgment should have allowed Barnes 90 days for performance from the date the judgment became final.* The court found section 917.4 did not apply and ordered Chamberlain to comply with the escrow terms. Chamberlain appeals these orders, contending the trial court was without jurisdiction when it amended and supplemented the April 8, 1980, judgment.

---

[2]Code of Civil Procedure section 917.4 provides in pertinent part: "[A]n appeal shall not stay enforcement of the judgment or order in the trial court if the judgment or order appealed from directs the sale, conveyance or delivery of possession of real property which is in the possession or control of the appellant or the party ordered to sell, convey or deliver possession of the property, unless an undertaking in a sum fixed by the trial court is given that the appellant or party ordered to sell, convey or deliver possession of the property will not commit or suffer to be committed any waste thereon . . . ."

## DISCUSSION

### I

■ There was no judicial stay of execution of the trial court's judgment, as no bond was posted as required by Code of Civil Procedure section 917.4. Chamberlain would interpret section 917.4 to compel absolute unamendable finality to the appealed judgment. This interpretation is wrong both as a matter of statutory construction and as a matter of law.

Chamberlain's interpretation violates several basic rules of statutory construction. ■ First a construction that would create a wholly unreasonable effect or an absurd result should not be given. (*Dempsey* v. *Market Street Ry. Co.* (1943) 23 Cal.2d 110, 113 [142 P.2d 129].) A reasonable and common sense interpretation following the apparent purpose of the lawmakers which will result in a practical rather than technical application of the statute is required. (*United Business Com.* v. *City of San Diego* (1979) 91 Cal.App.3d 156, 170 [154 Cal.Rptr. 263]; *City of Costa Mesa* v. *McKenzie* (1973) 30 Cal.App.3d 763, 770 [106 Cal.Rptr. 569].)

■ If Chamberlain's interpretation is followed, the successful party in the trial court would have to perform the conditions of the judgment to fulfill the buyer's duties under the terms of the escrow, while at the same time the losing party, in the process of appealing and seeking to set the judgment aside, would void the very escrow the buyer would be required to complete. This is an absurd result. It would be grossly inequitable and a most unreasonable interpretation of section 917.4.

Secondly, such construction is contrary to the plain unambiguous language of section 917.4. Such interpretation violates the clear legislative purpose which is to grant "*the appellant* or the party ordered to sell, convey or deliver possession of the property" (§ 917.4; italics added) (here Chamberlain) the opportunity to stay the enforcement of the order decreeing sale upon the posting of a bond or undertaking. Section 917.4 does not by express language or reasonable implication circumscribe the rights of or impose duties on *Barnes*, the respondent. The Barneses are not the parties ordered to sell or convey real property. They are the prevailing parties, the beneficiaries of the judgment ordering Chamberlain "to sell, convey, etc." The statute must effectuate that clear legislative purpose. (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672]; *California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856]; *Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].)

■ Thirdly, section 917.4 must be construed with reference to the whole body of law of which it is a part[3] so as all may be harmonized and have effect. (*Stafford* v. *L. A. etc. Retirement Board* (1954) 42 Cal.2d 795, 799 [27 P.2d 12].) Section 917.4 is one of the express exceptions to the "general stay" rule found in Code of Civil Procedure section 916: "[T]he perfecting of an appeal stays proceedings in trial court . . . ." Section 917.4 applies only to a specific class of persons, to wit: an appellant who has been ordered to sell or convey real property. ■ Exceptions to the general rule of a statute are to be strictly construed. In interpreting exceptions to the general statute courts include only those circumstances which are within the words and reason of the exception. (*City of National City* v. *Fritz* (1949) 33 Cal.2d 635, 636 [204 P.2d 7]; *In re Goddard* (1937) 24 Cal.App.2d 132 [74 P.2d 818].) Section 917.4 does not by express language or reasoned implication suggest the general rule of section 916 does not apply to persons situated as Barnes. One seeking to be excluded from the sweep of the general statute must establish that the exception applies. (73 Am.Jur.2d, Statutes, § 313, p. 464.) The application of foregoing pertinent rules of statutory construction to the clear language of section 917.4 negates Chamberlain's contention.

## II

■ A second and further basis exists in law supporting the trial court's decision. This was a case in equity involving the specific performance of a land contract. An equity court has inherent power to make its decree effective by additional orders affecting the details of performance, irrespective of reservation of power in the decree. (See *Dennis* v. *Overholtzer* (1961) 191 Cal.App.2d 791, 798 [13 Cal.Rptr. 110]; *Hercules Glue Co., Ltd.* v. *Littooy* (1941) 45 Cal.App.2d 42, 45 [113 P.2d 490]; *Lesser & Son* v. *Seymour* (1950) 35 Cal.2d 494, 500 [218 P.2d 536]; *Los Angeles A. T. Co.* v. *Superior Court* (1928) 94 Cal.App. 433, 440 [271 P. 363].)

In *Los Angeles A. T. Co.* v. *Superior Court, supra*, 94 Cal.App. 433, 440, it was said: "The power of a chancery court to supervise the execution of its orders, and even to modify them in ways affecting only the details of their performance, has long been recognized. '*There are some cases of decrees which, although they are final in their nature, require the confirmation of a further order of the court, before they can be acted upon. In* cases of decrees of foreclosure, the court will, upon application, enlarge the time for payment of the money, even though the final order has been enrolled' (Daniel's Chancery Practice, 6th Am. ed., pp. 991-993.) We find

---

[3]Section 917.4 was enacted in 1968 as part of title 13, chapter 2 "Stay of Enforcement and Other Proceedings." (Code Civ. Proc., §§ 916-936.1.)

nothing in our statutes or decisions which can be said to have intended to limit the power of the Superior Court in a suit in equity to grant relief properly adjusted to the equitable rights of the parties as determined by the court, and to control the parties in all matters connected with their required obedience to the orders embodied in the decree." (Italics added.) And in *Hercules Glue Co., Ltd.* v. *Littooy, supra,* 45 Cal.App.2d 42 at page 45 [113 P.2d 490], the court made this distinction: "Some authorities limit the power of additional or supplemental orders to cases in which the power is reserved in the final decree. Others take the broader view that a *court of chancery has the inherent power 'to supervise the execution of its orders, and even to modify them in ways affecting only the details of their performance.'*" (Italics added.) In the *Hercules* case, the supplemental order directed payment of additional expenses incurred pending appeal from the decree and held this would be an incident affecting only the details of the performance of the decree. In the *Hercules* case, as here, there was no reservation in the decree to adjust for future expenses, but the court held the plain purport of the decree was appellant "should have specific performance of the contract giving it a clear title." (*Id.,* at p. 45.)

*Gibson* v. *River Farms, Co.* (1942) 49 Cal.App.2d 278 [121 P.2d 504], again held an equity court has inherent power to supervise the execution of its orders and even to modify them. The court held: ". . . 'Directions [in a decree] with respect to carrying a judgment into effect, but which do not change or modify the judgment with respect to matters put in issue and determined by the judgment, may be inserted or modified by amendment.'" (*Id.,* at p. 285.) *Gibson* v. *River Farms* further points out that in California cases "[W]hen a decree or judgment reserves jurisdiction, as it did in the interlocutory decree which is involved on this appeal, to change or modify mere procedural provisions, as distinguished from material adjudications of substantial issues, *it is not an abuse of discretion for the chancellor to extend the time limit, in accord with equity, to enable a party thereto to fulfill the specified terms of the judgment or decree.*" (*Id.,* at p. 284; italics added.) The court in *Lesser & Son* v. *Seymour, supra,* 35 Cal.2d 494, 500, after discussing the cases in which there had been an express reservation to modify, said: "*In the cited cases, although it appears that the court reserved jurisdiction in its decree, it would seem that the principles and compelling necessities of a case like we have here require the reservation of such power without stating it in the decree.*" The foregoing cases confirm the authority of an equity court with or without an express reservation of jurisdiction to alter procedural details in order to carry out the decree.

Here there was no express reservation of jurisdiction to supervise the performance of the escrow conditions or to make further continuing orders affecting the execution of the decree. Nevertheless, by its very terms and

nature, the decree envisioned the performance of complex mutually inter-related escrow terms and conditions. Where an equity court acts to enforce the terms of its sale decree, the effects are procedural directions. Followup orders do not alter the substantive rights of the parties. The terms of the decree for specific performance, which the trial court ordered and this court affirmed, remain exactly the same. Any delay in the execution of the judgment was a result of *Chamberlain's* actions in appealing the trial court's order. Chamberlain by the appeal process effectively forestalled the fulfillment of the order.

The superior court had jurisdiction over this cause, the parties and the res; its jurisdiction continued until final judgment was entered. (*People* v. *Brown* (1970) 10 Cal.App.3d 169, 175 [88 Cal.Rptr. 801].) The trial court upon remand and after affirmance of the judgment had the inherent power to grant an extension of time to allow for fulfillment of the required performance. This court does not find the order could be amended on the grounds it was a "clerical" error. Rather, we adopt a broader legal-factual base to support the correctness of the trial court's ruling, to wit: In addition to the plain words of Code of Civil Procedure section 917.4, we confirm the inherent power of a court of equity to make its judgment effective by additional orders supervising the details of the decreed performance.

Judgment affirmed.

Cologne, Acting P. J., and Lewis, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.