[No. C009749. Third Dist. Mar. 31, 1992.]

BRENDA BEHRENS, Plaintiff and Appellant, v.
FAYETTE MANUFACTURING COMPANY, INC., et al., Defendants and
Respondents.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication
with the exception of part B of the facts section, and part III of the Discussion section.

### Counsel

Jack Parquette for Plaintiff and Appellant.

Kirmen, Bjornesen & Klein, Joshua L. Bright, Cyril & Crowley and Robert B. Stringer for Defendants and Respondents.

### Opinion

**MARLER, J.**—Plaintiff Brenda Behrens appeals from judgments entered after the trial court granted the motions for summary judgment of defendants Fayette Manufacturing Company, Inc. (Fayette), Reliance Electric Company, and Reliance Electric Industrial Company (collectively Reliance) in a product liability case. She contends her suit against her employer, Fayette, was not barred by the rule which makes workers' compensation her exclusive remedy because she came within the exception of Labor Code section 3602, subdivision (b)(3). She also contends Reliance is liable because of its participation in the design of the product that injured her. In the published portion of this opinion, we find plaintiff does not come within the exception of Labor Code section 3602, subdivision (b)(3). In the unpublished portion, we find plaintiff raised no triable issue of material fact relating to Reliance's motion for summary judgment. We affirm both judgments.

### Factual and Procedural Background

Plaintiff worked for Fayette as a turbine technician. As part of her job she inspected, maintained, and performed repairs on wind turbines, windmills

used to generate electricity. She was injured on the job when she got her hand caught between the yaw pinion and the yaw gear of the wind turbine. At the time of the accident she was in the process of attempting to lock off a wind turbine so it could be repaired. She climbed the tower of the wind turbine and entered the work cage; seeing the yaw motor pivoting towards her and fearing it would strike her legs, she swung her legs out of the way and pushed off with her right hand. In so doing, her hand was caught in the yaw gear. Previously the turbine had been sold to the Sheinbergs by Fayette, who had manufactured it.

Plaintiff brought suit against Fayette and several others. She amended the complaint to add the Reliance entities, sued under the names Reliance Electric Company and Dodge Reliance Electric Company. The complaint alleged Fayette manufactured the wind turbine and sold it to a third party for use to produce energy. The wind turbine broke its mooring bolts, which required plaintiff to climb the wind turbine to subdue it. She alleged the wind turbine was defective because it lacked the proper facility for securing the wind turbine and also lacked proper shields and guards. The complaint contained seven causes of action, alleging counts for negligence, wanton and reckless disregard, strict liability, intentional misconduct, breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, and breach of express warranty.

### A. *Fayette Summary Judgment*

Fayette moved for judgment on the pleadings, contending that plaintiff's exclusive remedy against her employer was workers' compensation. Fayette further contended plaintiff did not come within the exception of Labor Code section 3602, subdivision (b)(3) because she did not make use of the wind turbine.[1] The motion was granted with 30-day leave to amend.

Plaintiff amended her pleadings to allege the wind turbine was sold to the Sheinbergs, independent third parties, and plaintiff was injured while using the wind turbine to transmit electricity.[2] Fayette brought a new motion for judgment on the pleadings, contending again plaintiff was limited to the remedy of workers' compensation. The court found plaintiff had properly pleaded the exception of section 3602, subdivision (b)(3) and denied the motion.

---

[1]Subdivision (b)(3) of Labor Code section 3602 provides an exception to the exclusivity of workers' compensation, "Where the employee's injury or death is proximately caused by a defective product manufactured by the employer and sold, leased, or otherwise transferred for valuable consideration to an independent third person, and that product is thereafter provided for the employee's use by a third person."

[2]The owners of the windmill were also named as defendants. They settled with plaintiff and are not parties to this appeal.

Fayette then moved for summary judgment or summary adjudication of the issues. Fayette identified the four issues of the case as whether or not: (1) plaintiff was performing service arising from her employment when injured; (2) plaintiff was acting within the scope of her employment when injured; (3) plaintiff was an employee of Fayette; and (4) the wind turbine was provided for plaintiff's use. Fayette argued the uncontroverted evidence showed plaintiff was injured while repairing the wind turbine within the scope and course of her employment with Fayette. In support of the motion Fayette provided excerpts from plaintiff's deposition in which she stated she was going to maintain the wind turbine at the time of the accident.

Plaintiff opposed the motion. She did not state which of Fayette's alleged undisputed facts she disputed; instead, she claimed she was operating or using the wind turbine when she was injured. In support of this contention she provided a copy of the job analysis prepared by the State Compensation Insurance Fund in connection with her workers' compensation claim. The job analysis indicated plaintiff's job title was "turbine operator."

Fayette objected to this evidence as hearsay and lacking foundation.

The trial court found the wind turbine was not provided for plaintiff's use by a third party as required by Labor Code section 3602, subdivision (b)(3). The motion for summary judgment was granted and judgment was entered in favor of Fayette.

### B. *Reliance Summary Judgment**

. . . . . . . . . . . . . . . . . . . . . . . . .

### DISCUSSION

### I

### *Standard of Review*

"The motion for summary judgment shall be granted if all the papers show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) ▉ The purpose of summary judgment is to ascertain the existence or absence of triable issues of material fact and not to resolve such issues. (*Molko* v. *Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1107 [252 Cal.Rptr. 122, 762 P.2d 46].) "A defendant is entitled to summary judgment if the record

*See footnote, *ante*, page 1567.

establishes as a matter of law that none of plaintiff's asserted causes of action can prevail. [Citation.] To succeed, the defendant must conclusively negate a necessary element of the plaintiff's case, and demonstrate that under no hypothesis is there a material issue of fact that requires the process of a trial. [Citation.]" (*Ibid.*)

## II

### *Fayette Summary Judgment*

■ Plaintiff contends it was error to grant the motion of Fayette for summary judgment. She contends her suit against her employer is not barred by workers' compensation exclusivity because she comes within the exception of Labor Code section 3602, subdivision (b)(3). She asserts the job analysis shows that in her capacity as a turbine operator she was using the wind turbine that had been provided to her by a third party, the owners. Fayette's contractual relationship with the Sheinbergs shows Fayette's intent to occupy a different status than just that of plaintiff's employer.

Fayette renews its evidentiary objection to the job analysis as hearsay and lacking a proper foundation. While the parties dispute the correct appellation of plaintiff's job—that is, whether it should be termed operating or maintenance—there is no factual dispute as to what plaintiff was doing when she was injured. The parties agree plaintiff caught her hand in the yaw gear after she climbed the wind turbine in order to lock it off with a vern wrench. The only relevant inquiry, then, is whether the trial court correctly construed Labor Code section 3602, subdivision (b)(3) in ruling it did not apply to plaintiff's situation.

■ In general, the workers' compensation system is an employee's exclusive remedy against an employer for injuries sustained during the course and scope of employment. (*Sturtevant* v. *County of Monterey* (1991) 228 Cal.App.3d 758, 761 [279 Cal.Rptr. 161].) A judicial exception was created under the so-called dual capacity doctrine. (*Id.* at pp. 761-762.) In *Duprey* v. *Shane* (1952) 39 Cal.2d 781, at page 793 [249 P.2d 8], the Supreme Court held an injured employee whose industrial injury was aggravated by the treatment of her physician-employer could sue the physician for malpractice despite the rule of exclusivity because the physician-employer had a dual legal personality with respect to the injured employee. In *Bell* v. *Industrial Vangas, Inc.* (1981) 30 Cal.3d 268 [179 Cal.Rptr. 30, 637 P.2d 266], an industrially injured employee brought a product liability action against his employer. The employer obtained summary judgment on the ground that workers' compensation was the employee's exclusive remedy

against the employer. The Supreme Court reversed, applying the dual capacity doctrine. It recognized the dual capacity of the defendant as both employer and a manufacturer-designer-seller. Noting that workers' compensation predated strict liability for defective products, it found nothing in the workers' compensation laws to shield a manufacturer from strict liability when its defective product injures an employee. (*Id.* at pp. 278-280.)

In 1982, the Legislature affected the scope of the dual capacity doctrine by amending Labor Code section 3602 to read:

"(a) Where the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation is, except as specifically provided in this section and Sections 3706 and 4558, the sole and exclusive remedy of the employee or his or her dependents against the employer, and the fact that either the employee or the employer also occupied another or dual capacity prior to, or at the time of, the employee's industrial injury shall not permit the employee or his or her dependents to bring an action at law for damages against the employer.

"(b) An employee, or his or her dependents in the event of his or her death, may bring an action at law for damages against the employer, as if this division did not apply, in the following instances:

"(1) Where the employee's injury or death is proximately caused by a willful physical assault by the employer.

"(2) Where the employee's injury is aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment, in which case the employer's liability shall be limited to those damages proximately caused by the aggravation. The burden of proof respecting apportionment of damages between the injury and any subsequent aggravation thereof is upon the employer.

"(3) Where the employee's injury or death is proximately caused by a defective product manufactured by the employer and sold, leased, or otherwise transferred for valuable consideration to an independent third person, and that product is thereafter provided for the employee's use by a third person.

"(c) In all cases where the conditions of compensation set forth in Section 3600 do not concur, the liability of the employer shall be the same as if this division had not been enacted." (Stats. 1982, ch. 922, § 6, p. 3367.)

Plaintiff contends the facts of her injury come within the provisions of Labor Code section 3602, subdivision (b)(3). Fayette disputes its application.

In addressing the issue we note neither party has cited nor has our independent research discovered a published case which has interpreted this subdivision.[3]

 The fundamental rule of statutory construction is to adopt an interpretation which reflects the Legislature's intent. (*Delaney* v. *Superior Court* (1990) 50 Cal.3d 785, 798 [268 Cal.Rptr. 753, 789 P.2d 934]; *Brown* v. *Kelly Broadcasting Co.* (1989) 48 Cal.3d 711, 724 [257 Cal.Rptr. 708, 771 P.2d 406].) We turn first to the words of the statute themselves. (*Ibid.*) Since Labor Code section 3602, subdivision (b)(3) is an exception to the general rule, it is to be strictly construed. (*Barnes* v. *Chamberlain* (1983) 147 Cal.App.3d 762, 767 [195 Cal.Rptr. 417].) Plaintiff, seeking to be excluded from the general sweep of the exclusive remedy of workers' compensation, must establish that the exception applies. (*Ibid.*) Another basic rule is that we must give effect to the statute in accordance with the usual and ordinary import of the language used. (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856].) "If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) . . . ."[4] (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)

 The language at issue here is whether the wind turbine was "provided for the employee's use." The ordinary import of this language supports Fayette's position that Labor Code section 3602, subdivision (b)(3) does not apply to plaintiff. The language "provided for the employee's use" indicates the product must be given or furnished to the employee in order for the employee to accomplish some task. That would be the case, for example, if the Sheinbergs had given plaintiff a defective vern wrench made by Fayette to use in locking off the wind turbine. It is not the case here. Our interpretation is in accord with that of commentators who have noted that the exception of subdivision (b)(3) requires the employee to come into contact with the defective product as a consumer. (1 Hanna, Cal. Law of Employee

---

[3]In *Foster* v. *Xerox Corp.* (1985) 40 Cal.3d 306 [219 Cal.Rptr. 485, 707 P.2d 858], the defendant made an argument similar to that made here by Fayette. Defendant asserted the allegedly defective machines were not provided for the employee's use because the employee was not a consumer, but acting as a repairman. (*Id.* at p. 313, fn. 6.) The court resolved the case on other grounds and so did not address this contention. (*Id.* at p. 313.)

[4]Fayette has requested that we take judicial notice of a number of documents it has provided to show the intent of the Legislature in amending section 3602. To the extent these documents reflect the personal view of the legislator authoring them, they are irrelevant. (*Perry* v. *Heavenly Valley* (1985) 163 Cal.App.3d 495, 502 [209 Cal.Rptr. 771].) More fundamentally, they are unnecessary. Because the language of subdivision (b)(3) is clear and unambiguous on the point at issue, we need look no further. (*Sturtevant* v. *County of Monterey,* *supra,* 228 Cal.App.3d at p. 769.) Fayette's request for judicial notice is denied.

Injuries & Workers' Compensation (Rev. 2d ed. 1991) § 11.04[2], p. 11-47; 1 Herlick, Cal. Workers' Compensation Law (4th ed. 1984) § 12.20, [¶] C., pp. 12-44, 12-45.) Plaintiff did not come into contact with the allegedly defective wind turbine as a consumer, but as the primary objective of her job. Plaintiff was not provided a wind turbine for her use; it was her job to perform certain tasks on the wind turbine. Plaintiff contends she was injured while terminating use of the wind turbine by locking it off. She argues such termination should be included in the concept of "use," just as stopping a car is considered using the car. There is, however, a distinction from the car analogy: she was not using and then stopping the wind turbine; instead, she simply attempted to secure its blades until it could be repaired. It strains the meaning of the ordinary words "provided" and "use" to find the wind turbine was provided for plaintiff's use. We decline to engage in such a strained interpretation of a statute clear and unambiguous on its face.

The trial court did not err in finding the exception of Labor Code section, subdivision (b)(3) did not apply. Since, as a matter of law, plaintiff's action against Fayette could not succeed, summary judgment for Fayette was proper. (Code Civ. Proc., § 437c, subd. (c).)

III*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgments are affirmed.

Blease, Acting P. J., and Sims, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 10, 1992. Mosk, J., was of the opinion that the petition should be granted.

---

*See footnote, *ante*, page 1567.