Filed 9/2/14  Milano v. Edelson CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| SCOTT MILANO, | B251440 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC411392) |
| v. | |
| STEVE EDELSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles, Steven J. Kleifield, Judge.  Affirmed.

Von Behren & Hunter and Andrew R. Hunter for Defendant and Appellant.

Smith Law Firm and Craig R. Smith for Plaintiff and Respondent.

_____

Defendant Steve Edelson appeals from the trial court's order granting the motion of plaintiff Scott Milano for specific performance of the conditions of a contract for the sale of stock in a restaurant. The order required Edelson to indemnify Milano in the amount of $76,763.39 pursuant to the terms of the sale agreement, pay interest at a rate of 10 percent, and pay attorney fees related to the enforcement motion. Edelson contends the order must be reversed for the following reasons: (1) the trial court lacked jurisdiction to adjudicate an indemnity claim; (2) the prior judgment did not grant the court jurisdiction to determine any issue beyond the transfer of stock and the delivery of the lease; (3) the trial court erred by ruling based on the moving and opposition papers without holding an evidentiary hearing; (4) Edelson had the right to a jury trial on Milano's legal claim for money; (5) if the trial court was enforcing a specific performance judgment its award of damages was prohibited; and (6) the trial court lacked jurisdiction because an appeal was pending on the specific performance judgment.

## BACKGROUND

Edelson entered into a stock purchase agreement (the agreement) to sell a restaurant, El Cid Los Angeles, Inc., to Milano. Milano filed an action for specific performance after the sale did not close. On October 25, 2011, following a bench trial, the court issued a judgment in favor of Milano granting specific performance of the agreement effective January 2, 2012. The trial court retained "jurisdiction over the parties following entry of judgment to ensure the orderly closing of escrow, to enforce the terms of the Agreement and/or the Lease and to adjudicate any disputes between the parties in connection with the Agreement." Edelson filed a notice of appeal from the judgment on December 16, 2011.[1]

---

[1] We grant Edelson's motion for judicial notice of the record and opinion filed in the prior appeal in this action. (*Milano v. Edelson* (Apr. 13, 2013, B237971 [nonpub. opn.].)

On July 2, 2012, counsel for Milano, in a letter to counsel for Edelson, made a demand for indemnity under Section 16.1 of the agreement. According to the letter, Edelson did not disclose any liabilities at the closing of the agreement on January 3, 2012, did not deliver financial records prior to the closing, and failed to file required tax returns and pay outstanding taxes and other liabilities. Documentation was supplied to support Milano's assertions. Edelson's counsel was advised that if the demand for indemnification was not satisfied, "then Buyer will file a motion with the Superior Court to enforce the Judgment and the Agreement pursuant to paragraph 1(e) of the Judgment." Edelson's opening brief on appeal from the judgment for specific performance in case No. B237971 was filed on September 5, 2012, raising various issues, but not contesting the trial court's retention of jurisdiction or the scope of the retained jurisdiction.

On October 12, 2012, Milano filed a motion to enforce the judgment for specific performance, seeking (1) indemnification in the amount of $76,763.59 pursuant to paragraph 16.1 of the agreement for all unpaid taxes and undisclosed liabilities that were the responsibility of Edelson, and (2) interest on that amount at a rate of seven percent per annum since July 2, 2012, and (3) attorney fees incurred in connection with the motion. The motion was supported by declarations by Milano and his counsel, as well as bills paid by Milano that he asserted were the responsibility of Edelson under the agreement.

Edelson filed an opposition to the motion. He contended the trial court lacked jurisdiction to act while the appeal of the judgment was pending, Milano was not seeking to enforce the judgment but to "bootstrap new claims into the judgment," Milano lacked standing to enforce the judgment for the benefit of the El Cid Los Angeles, Inc., and Edelson was not personally liable for the corporate obligations of El Cid Los Angeles, Inc. Milano filed a reply to the opposition. In response to a request by the trial court, both parties filed briefs on the meaning of Section 8 of the agreement (defining "Closing Adjustments" and requiring a reconciliation of inventory and accounts payable for

3

inventory) and whether the court was required to hold an evidentiary hearing on Milano's motion to enforce the judgment.

The trial court heard oral argument on the issues on April 25, 2013[2] and June 6, 2013. The court orally granted Milano's motion. On June 27, 2013, the court signed the order enforcing the judgment and awarding attorney fees. Edelson timely appeals from that order.

On April 13, 2013, this court issued its opinion on Edelson's appeal of the specific performance judgment in case No. B237971. We held the specific performance judgment was supported by substantial evidence and the award of attorney fees was not an abuse of discretion. An award of damages based on lost interest in favor of Milano was reversed on the basis it was improper in an action for specific performance.

## DISCUSSION

### *Jurisdiction to Make the Order Enforcing the Judgment*

Edelson first argues the trial court lacked jurisdiction to make the order enforcing the judgment because the underlying matter and resulting judgment were limited to whether Edelson was required to complete the sale of the stock of the restaurant and deliver the real property lease. Milano responds that Edelson has forfeited the right to challenge that portion of the original judgment retaining jurisdiction because the issue was not raised in his earlier appeal. Milano points out that Edelson was on notice as of the July 2, 2012 letter to counsel, prior to the date Edelson filed his opening brief in the earlier appeal, that Milano would move to enforce the judgment if Edelson failed to indemnify him for the undisclosed liabilities. Because Edelson had been made aware of

---

[2] This court notified the parties of an apparent gap in the appellate record, as there is no reporter's transcript of the hearing of April 25, 2013. In response, the parties submitted an agreed statement setting forth the proceedings. The record is complete for appellate review.

4

Milano's intent to file a motion to enforce the judgment pursuant to the trial court's retention of jurisdiction, and he failed to challenge that portion of the judgment, Milano argues that Edelson may not do so in a subsequent appeal.

When an appeal is taken from a severable judgment, and that appeal challenges only some aspects of the severable judgment, reconsideration of issues not challenged on appeal is precluded on remand or in a second appeal. (*People v. Rosas* (2010) 191 Cal.App.4th 107, 116-117, citing Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2009) ¶ 2:312, p. 2–161 (Eisenberg Rutter Guide).) An appeal is partial when the notice of appeal specifies the entire judgment but only a part of the judgment is challenged on appeal. (*Ibid.*) This type of partial appeal can have a preclusive effect on portions of the judgment that are not mentioned in the opening brief, because the partial appeal abandons appellate review of the severable parts of a judgment that were not appealed. (*Ibid*.)

It is undisputed that Edelson's appeal in case No. B237971 raised no challenge to the trial court's retention of jurisdiction. The issues raised in the prior appeal—whether specific performance was properly granted, attorney fees awarded were appropriate, and damages were authorized—are clearly not "'intimately connected'" to the issue of the court's retention of jurisdiction, and are therefore severable. (See *Gonzales v. R. J. Novick Constr. Co.* (1978) 20 Cal.3d 798, 805, citing *Whalen v. Smith* (1912) 163 Cal. 360, 362-363.) To the extent Edelson challenges the trial court's retained jurisdiction, that issue has been forfeited by the failure to raise the contention in the earlier appeal.

### *Interpretation of the Judgment*

Assuming the trial court properly retained jurisdiction, Edelson argues the court in the underlying action "simply ordered the transfer of the stock, delivery of the real property lease and damages," and any relief after entry of judgment is limited to those issues. Edelson relies on the decision in *Stump's Market, Inc. v. Plaza De Santa Fe*

*Limited, LLC* (2013) 212 Cal.App.4th 882 (*Stump's Market*) to support his contention. Milano argues *Stump's Market* is distinguishable. We hold that Edelson's interpretation of the language of the judgment is too narrow and contrary to its plain meaning, and that the reasoning in *Stump's Market* has no application in this case.

"The general rules for interpreting writings apply to the interpretation of a trial court's judgment. (*Southern Pacific Pipe Lines, Inc. v. State Bd. of Equalization* (1993) 14 Cal.App.4th 42, 49.)" (*Smith v. Selma Community Hospital* (2008) 164 Cal.App.4th 1478, 1501 (*Smith*).) "Generally, the first issue that arises in interpreting a writing is whether the writing is ambiguous—that is, whether it is reasonably susceptible to more than one interpretation. [¶] Under the general rules for interpreting writings, whether an instrument is ambiguous is a question of law. (E.g., *United Services Automobile Assn. v. Baggett* (1989) 209 Cal.App.3d 1387, 1391 [insurance policy].) As a question of law, it is subject to our independent review. (See *Winet v. Price* (1992) 4 Cal.App.4th 1159, 1165 ['the threshold determination of ambiguity is subject to independent review'].)" (*Smith*, *supra*, at pp. 1501-1502.)

The language of the judgment retaining jurisdiction is clear and unambiguous, and Edelson's contention that the court enforcement powers are limited to transfer of the stock and delivery of lease does not withstand scrutiny. The court retained jurisdiction to (1) "ensure the orderly closing of escrow," (2) "enforce the terms of the Agreement and/or the Lease," and (3) "adjudicate any disputes between the parties in connection with the Agreement."

The agreement provided in paragraph 8 ("Closing Adjustments") that Edelson agrees "that all cash, cash equivalents, deposit accounts and pending credit card transactions, as well as all food and beverages (including alcohol) are excluded from this transaction and at all times will remain the property of Seller. Regarding inventory, Seller and Buyer agree to reconcile inventory on hand with pending accounts payable for inventory . . . . Seller shall credit Buyer for excess of accounts payable over inventory; alternatively, Buyer shall credit Seller excess of inventory over accounts payable."

6

Paragraph 16.1 ("Seller's Indemnity") provides: "For a period of one year following the Closing Date, Seller shall indemnify and hold harmless Buyer from and against any and all claims, liabilities, obligations, losses, costs, expenses (including without limitation, interest, penalties, and attorneys' fees, of any kind or nature . . . arising out of or resulting from any breach of, or any inaccuracy or misrepresentation in, any of the representations or warranties made by Seller."

Milano's declaration in support of his motion to enforce the judgment asserts that Edelson did not disclose any liabilities at closing or provide any financial records, and he failed to pay taxes to various governmental entities. Milano stated he was forced to pay $35,980.60 in taxes, penalties, and fees, plus an additional $40,782.99 to cover unpaid liabilities incurred prior to closing. Milano's motion to enforce the provisions of the agreement requiring Edelson to assume responsibility for these liabilities falls squarely within the retention of jurisdiction language in the judgment.

Edelson's reliance on *Stump's Market*, *supra*, 212 Cal.App.4th 882, is misplaced for procedural and substantive reasons. First, the issue of the scope of retained jurisdiction in *Stump's Market* was raised on direct appeal from the judgment. Edelson did not raise the issue of the scope of retained jurisdiction in his earlier appeal, and as set forth above, any challenge to that aspect of the judgment has been forfeited. Second, the impermissible retention of jurisdiction in *Stump's Market* bears no relationship to what happened in this case. In *Stump's Market*, the trial court retained jurisdiction over a landlord and tenant who were parties to a lease that potentially spanned an additional 17 years; the court also retained jurisdiction to determine rights and responsibilities of the parties in the future. (*Id.* at pp. 892-893.) Here, the trial court's retained jurisdiction is limited to enforcement of the agreement, and the indemnity provision in paragraph 16.1 expressly applies only "[f]or a period of one year following the Closing Date." As a result, the concern of the *Stump's Market* court that jurisdiction was retained over an impermissibly lengthy period of time is not a factor in this case. Moreover, the trial court limited its retained jurisdiction to adjudication of disputes only in connection with the

7

agreement; it did not retain jurisdiction to resolve any other disputes that might occur beyond the agreement, which was the other concern of the court in *Stump's Market*.

Finally, we point out that *Stump's Market* recognizes the traditional rule that a court acting in equity may retain jurisdiction to enforce its judgment, although doing so was not appropriate under the unusual circumstances in that case. (*Stump's Market*, *supra*, 212 Cal.App.4th at pp. 890-892.) The general rule is that "'[t]he jurisdiction of a court of equity to enforce its decrees is coextensive with its jurisdiction to determine the rights of the parties, and it has power to enforce its decrees as a necessary incident to its jurisdiction. Except where the decree is self-executing, jurisdiction of the cause continues for this purpose, or leave may be expressly reserved to reinstate the cause for the purpose of enforcing the decree, or to make such further orders as may be necessary. [Citations.]' (*Klinker v. Klinker* (1955) 132 Cal.App.2d 687.)" (*Balboa Island Village Inn, Inc. v. Lemen* (2007) 40 Cal.4th 1141, 1161.) The trial court here retained jurisdiction in accordance with the general rule in equitable actions, and did so in a manner well within its discretion.

### Right to an Evidentiary Hearing on the Motion

The trial court decided the motion to enforce the judgment based upon its consideration of the moving and opposing papers, as well as oral argument. Edelson argues on appeal, as he did below, that the trial court was required to hold an evidentiary hearing on the motion. We disagree.

Under Code of Civil Procedure section 2009[3], facts are ordinarily proven at a hearing on a motion by affidavit or declaration and documentary evidence, "with oral

---

[3] Code of Civil Procedure section 2009 provides as follows: "An affidavit may be used to verify a pleading or a paper in a special proceeding, to prove the service of a summons, notice, or other paper in an action or special proceeding, to obtain a provisional remedy, the examination of a witness, or a stay of proceedings, and in uncontested proceedings to establish a record of birth, or upon a motion, and in any other

8

testimony taken only in the court's discretion." (*Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 413-414 (*Rosenthal*); see *In re Estate of Bennett* (2008) 163 Cal.App.4th 1303, 1309.) Milano's motion to enforce the judgment was a law and motion proceeding under California law. "'Law and motion' includes any proceedings: [¶] (2) On application for an order regarding the enforcement of a judgment . . . ." (Cal. Rules of Court, rule 3.1103(2).) Although Edelson argues to the contrary, our Supreme Court has held that the existence of conflicting evidence in declarations does not establish "that a trial court abuses its discretion, in a motion proceeding, by resolving evidentiary conflicts without hearing live testimony." (*Rosenthal*, *supra*, at p. 414.)

The trial court had before it persuasive evidence that Milano paid liabilities that should have been the responsibility of Edelson under the agreement, and which Edelson had failed to disclose as required. Milano presented proof of a timely demand for indemnification to resolve the issue. Once Edelson failed to respond to that demand, Milano invoked the retained jurisdiction of the trial court to enforce the judgment. Milano was not required to file a new action, as the trial court had expressly reserved jurisdiction to enforce its judgment and compliance with the terms of the agreement. Edelson was given ample opportunity to set forth his position in an opposition and supplemental opposition to Milano's motion. The court considered extensive argument before ruling. In these circumstances, and in accord with settled California law, an evidentiary hearing was not required.

---

case expressly permitted by statute." All statutory references are to the Code of Civil Procedure, unless otherwise noted.

*Right to a Jury Trial on Milano's Claim for Money*

Edelson argues he was entitled to a jury trial, "[b]ecause the claims asserted by Milano were nothing less than legal claims for the payment of money . . . ." Edelson contends that had Milano asserted his claims in a civil action, Edelson would have been entitled to a jury trial. Again citing *Stump's Market*, *supra*, 212 Cal.App.4th 882, Edelson contends an award of money damages does not flow from the trial court's power to enforce its equitable judgment.

There is no right to a jury trial under the California Constitution in matters in equity. (*C & K Engineering Contractors v. Amber Steel Co.* (1978) 23 Cal.3d 1, 8-9.) An action for specific performance is equitable and does not implicate the right to a jury trial. (*Walton v. Walton* (1995) 31 Cal.App.4th 277, 287-288.)

Edelson's characterization of Milano's motion as a legal claim for money requiring a jury trial is incorrect. Under the agreement, Edelson was required to disclose outstanding liabilities and pay appropriate taxes due at the time of closing. Edelson was obligated in Paragraph 16.1 to indemnify Milano for any loss resulting from Edelson's breach of his obligations. The underlying judgment, in equity, ordered specific performance of that agreement. The loss to Milano flowed directly from Edelson's failure to perform as ordered, and the trial court had the power, in equity, to enforce the agreement by requiring Edelson to indemnify Milano.

The fact that enforcement of the judgment results in an award on money does not mean that Milano's motion was an action at law requiring a jury trial. Equitable orders may be converted to an award of money in appropriate circumstances. (*Day v. Sharp* (1975) 50 Cal.App.3d 904, 912-913.) Where the trial court engages in a valid retention of jurisdiction to enforce an equitable judgment, it may enter an award of a sum of money "without the necessity of filing a new action. [Citation.]" (*Id*. at p. 912.) Where, as here, the action is only for specific performance and the court awards a sum of money based upon the defendant's failure to perform, "the authorities are practically uniform that

10

damages are granted not in the exercise of a legal jurisdiction, but in the exercise of the equity jurisdiction of the court. This principle illustrates one phase of the general rule that equity having taken jurisdiction over a portion of a particular controversy it will proceed to decide the whole issue and to award complete relief." (*Crouser v. Boice* (1942) 51 Cal.App.2d 198, 203.)

### *Jurisdiction to Proceed While the Appeal was Pending*

Edelson argues that the trial court lacked jurisdiction to grant the motion to enforce the judgment as a result of Code of Civil Procedure section 916, subdivision (a), because at the time of the motions and ruling, the case was on appeal from the judgment. Edelson's argument is based, in part, on his perception that "the trial court was not enforcing the judgment. It was acting on claimed authority to adjudicate new disputes based upon jurisdiction reserved to it by the very judgment pending on appeal."

In general, a civil judgment is stayed on appeal under section 916,[4] subject to various exceptions. Several exceptions to section 916 are applicable in this case.

Section 917.2 provides in pertinent part as follows: "The perfecting of an appeal shall not stay enforcement of the judgment or order of the trial court if the judgment or order appealed from directs the assignment or delivery of personal property, including documents, whether by the appellant or another party to the action . . . ." The judgment in the underlying action directed Edelson to deliver to escrow "any and all documents, in

---

[4] Section 916 provides as follows: "(a) Except as provided in Sections 917.1 to 917.9, inclusive, and in Section 116.810, the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order. (b) When there is a stay of proceedings other than the enforcement of the judgment, the trial court shall have jurisdiction of proceedings related to the enforcement of the judgment as well as any other matter embraced in the action and not affected by the judgment or order appealed from."

11

proper executed form, as required pursuant to the Agreement to close escrow, and to transfer 100% of the outstanding stock of El Cid Los Angeles, Inc., . . . to plaintiff." The underlying judgment was not stayed pursuant to the exception to section 916 set forth in section 917.2.

Section 917.3 provides as follows: "The perfecting of an appeal shall not stay enforcement of the judgment or order in the trial court if the judgment or order appealed from directs the execution of one or more instruments unless the instrument or instruments are executed and deposited in the office of the clerk of the court where the original judgment or order is entered to abide the order of the reviewing court." As noted above, the specific performance judgment directed the execution of documents, and in the absence of proof that the executed documents were deposited with the clerk of the court, section 917.3 precludes application of a stay under section 916.

Section 917.4 provides as follows: "The perfecting of an appeal shall not stay enforcement of the judgment or order in the trial court if the judgment or order appealed from directs the sale, conveyance or delivery of possession of real property which is in the possession or control of the appellant or the party ordered to sell, convey or deliver possession of the property, unless an undertaking in a sum fixed by the trial court is given . . . ." The judgment provided for Edelson to deliver the restaurant property and lease by January 2, 2012. Edelson does not contend he posted an undertaking in a sum fixed by the court to stay the judgment on appeal.

Moreover, the trial court's equitable judgment for specific performance permitted it to proceed even if it doing so "alter[ed] the procedural details in order to carry out the decree." (*Barnes v. Chamberlain* (1983) 147 Cal.App.3d 762, 768 [trial court had power to alter specific performance decree after appeal was filed even in the absence of an express reservation of jurisdiction].) The trial court had jurisdiction to enforce the judgment while the appeal was pending in case No. B237971.

**DISPOSITION**

The judgment is affirmed.  Costs on appeal are awarded to respondent Scott Milano.


KRIEGLER, J.


We concur:


MOSK, Acting P. J.


MINK. J. *

---

* Retired judge of the Los Angeles County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

13